TANNHAUSER, APPELLANT, *v.* SHEA, RESPONDENT.

(No. 6,723.)

(Submitted December 12, 1930. Decided December 26, 1930.)

[295 Pac. 268.]

*Mr. Lowndes Maury* and *Mr. R. Lewis Brown,* for Appellant, submitted a brief; *Mr. Maury* argued the cause orally.

*Mr. C. S. Wagner,* for Respondent, submitted a brief, and argued the cause orally.

MR. JUSTICE GALEN delivered the opinion of the court.

Plaintiff instituted this action on December 30, 1927, to recover from the defendant on a judgment rendered by the district court of Silver Bow county on December 2, 1918, for the sum of $1,000, together with interest and costs. By answer the defendant admitted the entry of the judgment, that the plaintiff was the owner and holder of it, and that nothing

had been paid thereon; and by way of affirmative defense and counterclaim alleged that the judgment was entered against him in a certain action for the recovery of damages because of an automobile collision, entitled *Frank J. Tannhauser* v. *M. J. Walsh Company, a Corporation, and Dennis Shea.* It is averred that Shea, at the time of the accident, was driving an automobile belonging to the M. J. Walsh Company; that the Walsh Company was owned and controlled by M. J. Walsh, and that the acts and doings of Walsh were the acts of the Walsh Company, and bound it; that after the service of summons in that action, Walsh as the employer of Shea, for himself and the corporation, agreed to employ counsel to defend Shea, and Walsh did employ counsel, who for some reason appeared only for the defendant corporation, and as a result default judgment was entered against the defendant Shea *ex parte*, without his knowledge; that subsequently, the action came on for trial against the corporation and a nonsuit was entered against the plaintiff Tannhauser; that as a result of the attorneys' failure to appear in that action for the defendant Shea, he was prevented from availing himself of the defense interposed by the corporation, and that had he been permitted to defend, no judgment would have been entered against him. The defendant further alleges that thereafter the plaintiff and himself met with M. J. Walsh, now deceased, the latter acting for himself and the Walsh corporation, and it was thereupon agreed in consideration of this answering defendant Shea agreeing to forbear from any effort to have his default in that action set aside, that Walsh or the Walsh Company would pay the judgment, and the plaintiff thereupon promised and agreed to extinguish the debt and release Shea therefrom, and to look entirely and alone to Walsh and the Walsh corporation for payment; that Shea, believing he was released, kept his portion of the agreement; that Walsh died prior to the commencement of this action, leaving no estate; that the plaintiff did not issue execution on the judgment within six years, or attempt to collect the same from the defendant, and that he was thereby lulled into security.

It is further averred by the defendant that the promise of the plaintiff was false and untrue, and was discovered by the defendant to be false and untrue upon the filing of the plaintiff's complaint in this action (December 27, 1927); by reason whereof he prayed damages in the sum of $1,000. By reply the plaintiff admitted the entry of the judgment; that the suit was a joint one, and that on the trial a nonsuit was entered in favor of the corporation, which was owned and controlled by M. J. Walsh, and that the acts and doings of Walsh were the acts and doings of the corporation and bound it; that Walsh died leaving no estate, and denied all of the other affirmative allegations of the answer.

On April 24 and 25, 1929, the cause was tried to a jury and treated by the court and counsel as one in equity. The defendant undertook the burden of proof. At the conclusion of all of the evidence, the court submitted to the jury a form of special verdict reading as follows: "We, the jury in this action, find the following special verdict in said action: Question: Did the plaintiff, Tannhauser, and the defendant, Shea, and the late M. J. Walsh, in the month of January, 1919, enter into an oral agreement that Walsh would pay to Tannhauser the amount of his judgment against Shea; that Shea would not take any steps to have set aside said judgment or to open the default in connection therewith, and that Tannhauser would accept the promise of Walsh to pay said judgment and would relieve said Shea therefrom?" The jury was instructed to make answer to the question submitted, either "yes," or "no," and it made answer in the affirmative.

Thereafter the plaintiff moved the court to reject the finding of the jury and to find in his favor, and the defendant asked that the finding of the jury be adopted by the court. The court made its findings of fact and conclusions of law adopting the finding of the jury, and on November 6, 1929, entered judgment on the merits, dismissing the plaintiff's complaint. The plaintiff moved for a new trial, which was denied, and the cause is now before us on appeal from the judgment.

Of the several specifications of error by the plaintiff assigned, there is but one question meriting serious consideration in disposition of this appeal, viz.: Was the court in error in its conclusion that a novation existed which relieved the defendant from the obligation of the judgment?

The court found "that the plaintiff herein, the defendant herein, and said Walsh, in the month of January, 1919, entered into an oral agreement that Walsh, in consideration of the release of the defendant Shea from said judgment, would pay, and did agree to pay, to plaintiff the amount of his judgment against defendant Shea; that Shea, in consideration of his release from said judgment, would not take, and agreed not to take, any steps to have set aside said judgment or to open the default in connection therewith; and that plaintiff, in consideration of the said promise of Walsh to pay said judgment and of the forbearance of said Shea to take steps to have set aside said judgment or to open the default in connection therewith, would accept, and did agree to accept, and did accept, the promise of Walsh to pay said judgment, and would relieve, and did relieve, said Shea therefrom; that the defendant executed his part of said agreement, by forbearing to take any steps or action in court to open said default or set aside said judgment, within the time allowed by law, or at all; that defendant, at all times after the rendition of said judgment against him, was solvent and able to pay the same, but that plaintiff did not issue execution on said judgment, within the time allowed by law, or at all."

And as a conclusion of law it was found that there was a novation resulting in Shea's release from the obligation of the judgment.

Although the evidence is in direct conflict, there is ▮ testimony in support of such findings of fact. "A novation is the substitution of a new obligation for an existing one." (Sec. 7460, Rev. Codes 1921.) It is accomplished in three ways: "(1) By the substitution of a new obligation between the same parties, with intent to extinguish the old obligation; (2) By the substitution of a new debtor in place of the

old one, with intent to release the latter; or (3) by the substitution of a new creditor in place of the old one, with intent to transfer the rights of the latter to the former." (Id., sec. 7461.) It is effected by contract, "and is subject to all the rules concerning contracts in general." (Id., sec. 7462.) "In every novation there are four essential requisites: 1. A previous valid obligation; 2. The agreement of all the parties to the new contract; 3. The extinguishment of the old contract; and 4. the validity of the new one. It constitutes a new contractual relation and is based upon a new contract by all parties interested." (*Kirkup* v. *Anaconda Amusement Co.*, 59 Mont. 469, 17 A. L. R. 441, 197 Pac. 1005, 1011.)

Admittedly M. J. Walsh and the M. J. Walsh Company were one and the same, and it appears that Shea owed Tannhauser a liquidated sum of money, evidenced by a judgment entered by default; that Shea was threatening within his rights to move the court to set aside the judgment because of fraud or excusable neglect; and that Tannhauser considered Shea to be insolvent and knew that there was a possibility of Shea having the judgment set aside. Walsh knew, or should have known, that Tannhauser had a right of appeal or could institute a new case upon the same cause of action because the nonsuit entered as to Walsh and his company did not constitute a trial on the merits. He wished to rid himself of the litigation. Shea was Walsh's employee and Walsh apparently felt morally bound to relieve Shea from the burden of the judgment. A legal duty rested upon the defendant Shea at the time of entering into the agreement with Walsh and Tannhauser to pay the judgment, and by reason of such agreement Shea was released of such obligation, Tannhauser agreeing to accept Walsh in substitution of Shea. It amounted to an agreement to substitute a new debtor (Walsh) in place of the old one (Shea), with intent to release the latter—a novation as defined by our statute.

And the rule is that where the promise is made to pay the antecedent obligation of another upon the consideration

that the party receiving it will cancel such antecedent obligation, accepting the new promise in substitution therefor, it is an original undertaking or agreement and not a mere promise to answer for the debt of another within the meaning of the statute of frauds, and need not be in writing, and judgments are as much the subjects of novation as simple contract debts. (46 C. J. 583, 584.) But it is contended that the consideration was unlawful in that it was based upon an agreement as to the character of testimony Shea would give in the action against Walsh. There is nothing in the record to indicate that Shea was to testify falsely or to in any manner deviate from the facts in the case.

Many of the plaintiff's assignments of error are based upon the fact that the cause was tried as one in equity rather than at law, and that the plaintiff was in consequence denied his constitutional right of a trial by jury. Counsel now concede, as they must, that the action is one at law rather than in equity; however, the plaintiff entirely overlooks the fact that by his consent appearing in the minutes of the court, a trial by jury was expressly waived. At the trial the plaintiff made motion to dismiss the jury and to try the cause to the court, upon five specific grounds, among which it was contended that the defendant is "estopped to deny the case is in equity"; that the equitable powers of the court having once taken jurisdiction, "the case remains within the jurisdiction of equity throughout the entire proceedings," and that "it is perfectly proper for an equitable case to be tried to the court with no jury." This motion was resisted by the defendant and plaintiff's counsel thereupon announced that he would "stipulate that the court may submit the case to the jury on the question of fact, and that the verdict of the jury will be advisory to the court." Consequently, the case was tried as one in equity and a special verdict submitted to the jury without objection to it, or to the court's instructions pertaining thereto. We hold that the plaintiff waived his right to a jury trial, and that his objection comes too late.

The judgment was properly predicated upon the jury's ██ special verdict, as the court is authorized in all cases to direct "the jury to find a special verdict in writing upon all or any of the issues" presented in a case. (Sec. 9361, Rev. Codes 1921.) The rule is that "whether it was the intention of the parties to a particular transaction to effect a novation or not is ordinarily a question of fact for the jury, if the terms of the agreement are equivocal or uncertain. Upon similar principles, where the evidence is conflicting, the issue of novation is one of fact for the jury or for the court, where the case is tried without a jury." (46 C. J., p. 630.) In the light of the evidence, it was proper in this case to submit the question to the jury for determination.

For the reasons stated the judgment is affirmed.

Mr. Chief Justice Callaway and Associate Justices Matthews, Ford and Angstman concur.

Rehearing denied January 28, 1921.