No. 81-17

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

---

JOHN KINJERSKI,

       Plaintiff and Appellant,

   -vs-

FRITZ LAMEY, individually, et al.,

       Defendants and Respondents,

   -vs-

ANNA KINJERSKI, Third Party Defendant and Appellant.

---

Appeal from: District Court of the Nineteenth Judicial District,
In and for the County of Lincoln, The Honorable
Robert Holter, Judge presiding.

Counsel of Record:

    For Appellant:

        Morrison, Jonkel, Kemmis & Rossbach, Missoula,
Montana

    For Respondents:

        Fennessy, Crocker, Harman & Bostock, Libby, Montana

---

Submitted on Briefs: August 13, 1981

Decided: OCT 20 1981

Filed: OCT 20 1981

_Thomas J. Kearney_
Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

John Kinjerski brought this action in May of 1978 to recover 49 head of cows purchased from defendants as evidenced by a written bill of sale. Following a jury verdict in favor of defendants, plaintiff appealed to this Court and we remanded for new trial. Kinjerski v. Lamey (1979), ___Mont.___, 604 P.2d 782, 36 St.Rep. 2316. A new trial was held on October 21, 1980 and judgment on the verdict was entered against plaintiff, who now appeals from the judgment and the denial of his motion for a new trial.

Fritz Lamey was the president of Phillips Creek Ranch, Inc., a cattle ranching operation near Eureka, Montana. On October 3, 1967, Kinjerski and Lamey executed a written bill of sale for 131 head of Hereford cattle for $59,000. The cattle were further specified to be 80 cows, 31 bulls and 20 calves. It is uncontested that the bulls, the calves, and 31 of the 80 cows were delivered to Kinjerski. It is the fate of the 49 remaining cows which is in dispute.

Shortly after the execution of the bill of sale, Kinjerski and Lamey became business partners in a new corporation known as K & L Livestock, Inc. for the purpose of raising and selling registered Hereford cattle. The new corporation purchased cattle from both the Phillips Creek Ranch and Kinjerski. During the short life of the corporation, cattle belonging to Kinjerski, Lamey, Phillips Creek Ranch and K & L Livestock were commingled and maintained together on Phillips Creek Ranch property.

In April, 1978, after the dissolution of K & L Livestock, Inc., Kinjerski made demand for possession of 49 of the cows referred to in the bill of sale. Lamey refused, stating that he did not have possession of the cows. This lawsuit resulted.

The first trial resulted in a verdict and judgment for defendants, but upon appeal we remanded for a new trial based on violations of the parol evidence rule. Kinjerski v. Lamey,

supra. Upon remand, the district judge partially granted a motion by plaintiff for summary judgment, stating:

> "[T]he Court now decides that the Defendants owe to said Plaintiffs and Third Party Defendants certain cows, but is unable at this juncture to specifically designate which cows or their offspring. That question is left for determination in this matter."

At the new trial evidence was adduced showing that a list of tattoo numbers of cattle was submitted with the bill of sale to the First Northwestern Bank of Kalispell as collateral for Kinjerski's loan. The evidence further showed that an entirely different list of tattoo numbers accompanied the complaint in this action. Lamey testified that he did not have possession of any of Kinjerski's cattle in April, 1978 when demand was made.

The case was submitted to the jury with a special interrogatory form which was to constitute the jury verdict. In pertinent part, the interrogatories were:

> "1) Did Fritz Lamey or Phillips Creek Ranch, Inc. have any cattle belonging to the Plaintiff in April, 1978?
>
> "Answer: (Circle one) Yes
>
> No
>
> "2) If the answer to Number 1 is No, do not proceed any further. If the answer to Number 1 is Yes, how many cattle did Fritz Lamey or Phillips Creek Ranch, Inc. have, and what was their value?"

The jury answered the first interrogatory in the negative and left the rest of the questions unanswered in accordance with the directions. Judgment was entered against plaintiff.

Kinjerski argues that the special interrogatories were contrary to the law of the case as determined by Kinjerski v. Lamey, supra, and by the partial summary judgment entered by the district judge. Kinjerski further contends that the interrogatories, verdict and judgment were contrary to the law of Montana concerning a buyer's remedies for failure of the seller to deliver. Section 30-2-711, MCA.

- 3 -

The use of a special verdict is authorized by Rule 49(a), M.R.Civ.P., and is left to the discretion of the trial court. While it is within the trial court's discretion to structure the form and frame the questions of a special verdict, the interrogatories must be adequate to enable the jury to determine the factual issues essential to judgment. Glick v. Knoll (1959), 136 Mont. 176, 346 P.2d 987; Coburn Cattle Co. v. Small (1907), 35 Mont. 288, 88 P. 953; 5A Moore's Federal Practice § 49.03[2]. In determining the adequacy of the special interrogatories, the federal courts consider the following factors:

> "(i) whether, when read as a whole and in conjunction with the general charge the interrogatories adequately presented the contested issues to the jury; (ii) whether the submission of the issues to the jury was 'fair'; and (iii) whether the 'ultimate questions of fact' were clearly submitted to the jury." Dreiling v. General Electric Co. (5th Cir. 1975), 511 F.2d 768, 774. (Citations omitted.)

When measured against the above standards, the special verdict in this case is inadequate. The central issue, whether the plaintiff in fact obtained delivery of the cattle which he had bargained for, was not submitted to the jury by the interrogatories. The jury found that the defendant did not have any of plaintiff's cattle on the date of demand. The answer to that question, however, is not dispositive of all the issues in the case. It is not clear whether the jury determined that defendant did not have the cattle because plaintiff had already received delivery or because defendant sold them at market. If operating under the latter possibility, the jury was precluded by the directions in the second interrogatory from determining the value of the cattle and the damages, if any, suffered by plaintiff.

In order to adequately cover the issues in the case, the special verdict should have included, inter alia, questions concerning what happened to the cattle after the bill of sale was executed, which list of tattoo numbers correctly identified the

animals which were the subject of the bill of sale, whether plaintiff received delivery of the 49 cows after execution of the bill of sale and if not, what damages were due to him. We find that the special interrogatories were fatally deficient and we remand for a new trial.

We note for guidance of court and counsel on remand that our prior opinion did not require the exclusion of any evidence, oral or written, of events occurring after the execution of the bill of sale. The parol evidence rule operates to exclude evidence of agreements of the parties prior to or contemporaneous with the execution of a final written expression of the agreement. Section 28-2-904, MCA. Evidence of the lists of tattoo numbers was admissible to explain to which specific cows the bill of sale referred. Section 28-2-905(2), MCA. Further, we note that the partial summary judgment granted by the trial court was in error. In order to decide that defendants owed to plaintiff certain cows, the trial court had to resolve disputed factual issues which should have been left for the jury.

Reversed and remanded for a new trial.

_____
Chief Justice

We concur:

_____

_____

_____

_____
Justices