No. 90-293

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991

SPORTCO, INC., d/b/a
PETERSON MOTORS,

    Plaintiff and Respondent,

    v.

DONALD THOMPSON,

    Defendant and Appellant.

FILED

MAR - 6 1991

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable Jack L. Green, Judge presiding.


COUNSEL OF RECORD:

    For Appellant:

        Thomas W. Frizzell, Tipp, Frizzell & Buley,
Missoula, Montana


    For Respondent:

        Paul Neal Cooley, Skelton & Cooley, Missoula,
Montana


Submitted on briefs:  01/24/91

Decided:  03/06/91

Filed:

Clerk

Justice Terry N. Trieweiler delivered the Opinion of the Court.

Donald Thompson appeals from a judgment entered in the District Court, Fourth Judicial District, Missoula County, awarding contract damages, costs and attorney fees. We affirm the District Court.

The sole issue presented on appeal is whether the District Court erred when it, and not the jury, made a determination of the balance due on the contract.

Donald Thompson and Sportco, Inc., d/b/a Peterson Motors, entered into a contract in June, 1984, for the sale and purchase of a 1984 Cadillac El Dorado convertible for the sum of $34,923, to be paid in installments. Thompson subsequently failed to make payments and the car was repossessed in August, 1985. After renegotiation of the agreement for payment, Thompson again took possession. The car was again repossessed in November, 1985, for non-payment, and further negotiation occurred. As a result, Thompson reacquired the car. A similar repossession and renegotiation occurred on September 12, 1986. The car was repossessed for the final time in July, 1987, and Thompson was notified that the car was to be advertised for sale pursuant to law and sold to the highest bidder. Thompson was further informed of his responsibility for any deficiency.

Sale of the car was conducted by sealed bids, resulting in its purchase by Sportco for $9,300. Although informed of his right, Thompson did not offer a bid.

Sportco filed its complaint on January 29, 1988, alleging Thompson owed $5,891.19 on the original contract, $26 in publication expenses, reasonable attorney fees and costs of suit. In his answer, Thompson did not deny the amount remaining on the contract obligation after sale of the vehicle. However, he asserted as an affirmative defense that the sale had not been conducted in a commercially reasonable manner, and that, therefore the amount of the deficiency could not be recovered.

Jury trial commenced on January 16, 1990. In the pretrial order, it was agreed that the only issues of fact to be litigated at trial were:

1. Did the Plaintiff repossess and resell the vehicle in a commercially reasonable manner?

2. Is the [Defendant] estopped to deny the commercial reasonableness of the sale because of his failure to complain or participate in the process in 1987?

On January 22, 1990, the jury returned a special verdict, finding that Thompson had breached the contract, and that Sportco had acted in a commercially reasonable manner in the repossession and resale of the vehicle. The special verdict awarded Sportco $22 associated with the notice of sale publication costs. Notice of Entry of Judgment was entered on January 23, the following day, by counsel for Thompson. It provided for judgment in the amount of $22. Sportco then filed a motion on January 24 to amend the judgment proferred by Thompson due to failure to account for Sportco's costs and attorney fees. Amended judgment was thereafter entered by the court, awarding Sportco court costs, attorney fees, and $5,891.19 as the balance due under the contract. Thompson

3

subsequently filed a motion to strike the amended judgment. Hearing was held, and the court ultimately ruled that (1) Thompson was estopped from disputing the amount of deficiency; (2) the judgment entered by Thompson erroneously omitted costs, deficiency and attorney fees; and (3) that the court was within the bounds of its authority to amend the judgment to grant the proper relief, thereby denying Thompson's motion. This appeal ensued.

Thompson asserts that any determination of a deficiency was within the sole province of the jury. Thompson states that Sportco failed to include within its proposed special verdict form any question as to the amount of the deficiency. Since that form was approved by the court, and presented to the jury, Thompson maintains that the court cannot usurp the jury's role and make further determinations as to a question of fact.

The general rule is that when trial is by jury, all questions of fact are to be decided by the jury and all evidence thereon is to be addressed to it. Section 25-7-103, MCA.

In this case, it was agreed that only two issues of fact were to be decided by the jury: whether Sportco conducted the repossession sale in a commercially reasonable manner, and whether Thompson's lack of participation in the process estopped his assertion of commercial unreasonableness. The trial court, in its discretion, decided upon the use of a special verdict form pursuant to Rule 49(a), M.R.Civ.P. The well-established rule is that the court must structure the form and frame the interrogatories in a manner which enables the jury to determine those factual issues

4

essential to judgment. Glick v. Knoll (1959), 136 Mont. 176, 346 P.2d 987; Kinjerski v. Lamey (Mont. 1981), 635 P.2d 566. This is what the District Court did. The special verdict presented the contested issues clearly and fairly. It allowed the jury to determine whether the repossession sale was conducted in a commercially reasonable manner, and the jury decided that question in the affirmative. The deficiency itself was not an issue of fact at trial. Once the determination of commercial reasonableness was made, the debtor's liability for any deficiency followed as a matter of law under § 30-9-504, MCA, and was properly reserved for determination by the court. The court had earlier held that Thompson was estopped to deny the accuracy of sums paid and owing. The evidence was clear and uncontradicted that a deficiency of $5,891.19 was owed Sportco, and the court correctly amended its earlier judgment to include the deficiency as well as costs and attorney fees.

In sum, the court properly directed the jury to find a special verdict upon all factual issues necessary for a fair determination, and thereafter properly predicated its judgment upon the verdict. Coburn Cattle Co. v. Small (1907), 35 Mont. 288, 88 P. 953; Tannhauser v. Shea (1930), 88 Mont. 562, 295 P. 268; Kinjerski v. Lamey (Mont. 1981), 635 P.2d 566.

Affirmed.

_____
Justice

We Concur:

John Conway Harrison
William E Hunter
R. C. McDonough

_____
Justices