No. 87-189

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

---

EDWARD BOEHM,

          Plaintiff and Appellant,

-vs-

ALLEN NELSON, WENDELL LOVELY,
GEORGE OMMUNDSEN, JOE KELSEY,

          Defendants and Respondents.

---

APPEAL FROM:  District Court of the Sixth Judicial District,
In and for the County of Park,
The Honorable Byron Robb, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

          Edward Boehm, pro se, Livingston, Montana

      For Respondent:

          Utick & Grosfield; Dee Ann G. Cooney, Helena, Montana
          Mike Garrity, Legal counsel, Dept. of Revenue, Helena,
          Montana

---

Submitted on Briefs:  Oct. 29, 1987

Decided:  December 22, 1987

Filed: DEC 22 1987

<span>_Ethel M. Harrison_</span>
Clerk

Mr. Justice L. C. Gulbrandson delivered the Opinion of the Court.

This case is an appeal of a motion to dismiss granted by the Sixth Judicial District Court, Park County. The District Court dismissed pro se plaintiff/appellant Edward Boehm's (Boehm) complaint on grounds he failed to exhaust his administrative remedies prior to filing a claim in District Court against the Park County Tax Appeal Board and that the complaint failed to state a claim upon which relief could be granted. Boehm appeals the dismissal of his claim.

We affirm.

The issue we are faced with is whether the District Court erred when it granted defendants' motion to dismiss Boehm's claim.

On February 3, 1987, Boehm filed an unnamed document accompanied by twelve exhibits seeking punitive and compensatory damages. We will refer to this document as the complaint in this action. The complaint alleged in part that Boehm protested his tax appraisals and he was never given a hearing prior to the tax appeal board denying his claim. He named the tax appeal board members, Allen Nelson (Nelson), Wendell Lovely (Lovely) and George Ommundsen (Ommundsen) and the county assessor, Joe Kelsey (Kelsey), claiming they had ". . . individually and jointly acted outside and contrary to their respective offices and legal duties prescribed by law and in bad faith . . ."

Defendants Nelson, Lovely and Ommundsen filed motions to dismiss on grounds the District Court lacked subject matter jurisdiction and Kelsey filed an answer asserting as an affirmative defense that the claim failed to state a claim upon which relief could be granted. On March 11, 1987, the District Court granted the defendants' motions.

2

The rules for motions to dismiss are found in Rule 12, M.R.Civ.P. Specifically, in this case, defendants based their motions on Rule 12(b)(1) lack of jurisdiction over the subject matter and Rule 12(b)(6) failure to state a claim upon which relief can be granted. The motion to dismiss is always to be construed in a light most favorable to the non-moving party and should not be granted "[u]nless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Willson v. Taylor (Mont. 1981), 634 P.2d 1180, 1182, 38 St.Rep. 1606, 1608; Fraunhofer v. Price (1981), 182 Mont. 7, 12, 594 P.2d 324, 327. See also, Busch v. Kammerer (1982), 200 Mont. 130, 649 P.2d 1339.

> The standard of review is clear. In reviewing the propriety of an order granting a motion to dismiss, we repeat the oft-quoted rule that ". . . the allegations of the complaint must be viewed in a light most favorable to plaintiffs, admitting and accepting as true all facts well-pleaded."

Devoe v. Missoula County (Mont. 1987), 735 P.2d 1115, 1116, 44 St.Rep. 731, 732.

On June 9, 1986, the tax appeal board received an appeal signed by Boehm. The document, in regards to his tax appraisal, stated: "[t]his is an absolute outrageous, ridiculous increase of '1445%'. The property is in the floodway and no one will buy it even at the old appraisal." Boehm's complaint alleges that he met with the county assessor, Kelsey, and was told that the figures were not erroneous. Upon further inquiry, Boehm was instructed that he needed to appear before the county tax appeal board. Boehm was informed by telephone that a hearing would be scheduled towards the end of September. When informed of the date, Boehm stated he could not attend due to an accident. After this, a

3

number of telephone messages were missed between Boehm and the county.

On October 31, 1986, Nelson called Boehm and informed him that a tape recording was made explaining the calculations used in appraising his property. Boehm alleged in his complaint that he listened to the tape and that it was "superfluous." The tape, included as part of the District Court record, explains how the appraiser, Kelsey, arrived at the valuations on Boehm's properties. At the conclusion of the tape, Kelsey requested that if Boehm had problems with the appraisal that he should set up a time to meet with him. The tape concluded: "[t]his will be his [Boehm's] responsibility to do this, and we will review it at that time." The making of this tape in itself demonstrates the board's willingness to deal fairly with Boehm.

Boehm alleged that he wrote a letter to Kelsey on November 12, 1986, demanding an answer to his complaint in writing. Kelsey responded and advised Boehm that his taxes were assessed according to a statewide manual. Kelsey further informed Boehm that he could set up an appointment and Kelsey would explain the appraisal to him. On December 5, 1986, Boehm again wrote to Kelsey and attached a copy of a letter from John D. LaFaver, Director of the Department of Revenue, that Boehm alleged said "[Kelsey] over-appraised three of my properties." LaFaver's letter stated:

> You recently received your 1986 property assessment. It reflected the 1986 reappraisal values.
>
> The June Special Session of the Montana Legislature asked us to be sure you understand your opportunity to appeal the new appraisal. The rights are particularly important to you because our records show that your property

values increased more than the state-wide average.

The attached fact sheet explains the increase in taxable value for your property.

If you disagree with the appraisal, the Legislature has extended the appeal deadline to 15 days after you receive this notice.

Our appraisal office in your county will be happy to explain how your values were determined. Please give them a call and set up a time to discuss your questions or concerns.

This letter does not show that the State agreed that the taxes were improperly assessed. It merely informs Boehm that the local board was available for further explanation of the tax assessment. Boehm alleged that he received a letter on January 7, 1987, with attached copies of denials of his appeals signed by Allen Nelson. Only one of these documents is attached in the record. Nelson's denial, property tax appeal form IA signed December 23, 1986, states that Boehm's application for reduction in appraised value was disapproved. Nelson stated, "[a]fter many discussions and sending you the tape of the appraisal, and not getting the necessary response, we as a board has [sic] denied your appeal." In regard to this denial, Boehm wrote another letter on January 10, 1987, requesting Nelson to explain who gave Nelson ". . . the authority that he assumed to deny any American citizen, and a tax paying resident of Park, Montana the right to appeal." Boehm again requested a statement in writing only. Boehm alleged he was then contacted by a woman on behalf of Nelson and Boehm told her he needed a response in writing only. Boehm received a number of contacts from Dixie Dill at the county tax appeal board that he was to receive another

5

hearing. On January 27, 1987, Dill sent Boehm a letter which stated:

> Your hearing with the Park County Tax Appeal Board has been set for Friday, February 6, 1987, at 11:00 a.m. in the Community Room of the City-County Building.
>
> Either you or a representative must be present at this hearing. This hearing will not be rescheduled.

Boehm alleged that he received a call from Lovely on February 1, 1987, at 10:45 a.m. He alleged that Lovely told him that the Friday meeting needed to be rescheduled. Boehm replied that the board "[w]ould be hearing from me." Boehm never appeared for the hearing. Instead, Boehm filed a complaint in District Court.

The above is a cursory outline of the allegations made by Boehm in his complaint. For these actions, Boehm claimed the county tax appeal board members and the county assessor abused their duties and acted in bad faith for which he requested $500 actual and $100,000 punitive damages. No appeal to the State Tax Appeal Board (STAB) was ever filed by Boehm.

Keeping in mind the standards we have enunciated in regard to a motion to dismiss, we hold that the District Court properly denied Boehm's complaint in this case.

Article VIII, Section 7 of the 1972 Montana Constitution mandates:

> The legislature shall provide independent appeal procedures for taxpayer grievances about appraisals, assessments, equalization, and taxes. The legislature shall include a review procedure at the local government unit level.

6

Section 15-7-102(5), MCA, gives STAB the power to hear tax appraisal appeals. Department of Revenue v. State Tax Appeal Board (1980), 188 Mont. 244, 247, 613 P.2d 691, 693. In Butte Country Club v. State (1979), 186 Mont. 424, 431-432, 608 P.2d 111, 116, we stated that it is clear that the legislature provided that the county tax appeal board furnishes the exclusive review procedure for any appraisal appeal.

> The statutory scheme enacted by the legislature allowing taxpayers to appeal assessments clearly shows a legislative intent that an appeal and review before the Local Board be a condition precedent to STAB review. This Court has determined that as a condition precedent to the reduction of the valuation of property, the taxpayer must appeal at the local level. See Barret v. Shannon (1897), 19 Mont. 397, 399-400, 48 P. 746. Further, this Court has determined that except in cases where fraud or the adoption of a fundamentally wrong principle of assessment is shown, an appeal to the Local Board is the exclusive remedy granted the taxpayer. Keller v. Department of Revenue (1979), 182 Mont. 478, 597 P.2d 736; Larson v. State (1975), 166 Mont. 449, 534 P.2d 854.

Boehm has not alleged fraud which must be ". . . stated with particularity . . ." in the complaint. Rule 9(b), M.R.Civ.P.; Kinjerski v. Lamey (1979), 185 Mont. 111, 116-117, 604 P.2d 782, 785, appeal after remand 635 P.2d 566; Tschache v. Barclay (1977), 172 Mont. 415, 420, 564 P.2d 1299, 1302. Although Boehm claims "bad faith" on the part of the local tax appeal board and county assessor and their acting outside their duties, no facts alleged, even when read in a light most favorable to Boehm, support this claim. We support the District Court's statement expressed in its explanatory comment attached to the order granting the motion

7

to dismiss that Boehm "[a]lleges no facts to demonstrate [bad faith or acts outside the law], and his own exhibits defeat such claim."

Boehm, just as any other citizen contesting local tax appeal board actions, must exhaust all administrative remedies provided. Title 15, Chapters 2, 7 and 15, MCA. The complaint filed by Boehm presents no challenge to the legality of the tax pursuant to § 15-1-406, MCA. Devoe, supra, 735 P.2d at 1117. Boehm's complaint merely sets forth a broad and ambiguous claim of bad faith and abuse of legal authority with no supporting facts. Section 15-1-402, MCA, sets forth the requisite actions Boehm could have taken, Boehm did not comply with these procedures.

We affirm.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

8