NO.   93-248

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

DAVID ELLIOTT FIFE,

      Petitioner and Appellant,

   v.

PATRICIA LEE MARTIN,

      Respondent and Respondent.

FILED

NOV 10 1993

Ed Smith

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Fourth Judicial District,
              In and for the County of Missoula,
              The Honorable Ed McLean, Judge presiding.


COUNSEL OF RECORD:

      For Appellant:

          Paul Neal Cooley, Skelton & Cooley, Missoula,
          Montana

      For Respondent:

          John McRae, Child Support Enforcement Division,
          Missoula, Montana: James P. Taylor, Missoula,
          Montana: Lynn M. Grant, Child Support Enforcement
          Division, Helena, Montana


          Submitted on Briefs:   September 30, 1993

                   Decided:   November 10, 1993

Filed:

_____
          Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

Petitioner David Fife brought this action seeking judicial review of the Department of Social and Rehabilitation Services, Child Support Enforcement Division's (CSED's), order which required him to submit to blood testing for purposes of establishing paternity. The District Court for the Fourth Judicial District, Missoula County, denied Fife's petition for failure to properly serve CSED with a copy of the petition, as required by the provisions of the Montana Administrative Procedure Act. After petitioner moved for relief from the court's order, the court found that he served neither the Attorney General nor CSED as required by law, and dismissed the action with prejudice. Petitioner appeals from that ruling. We affirm.

The pertinent issues are rephrased as follows:

1. Whether CSED is a necessary party to an action for judicial review of its administrative paternity hearing and subsequent order:

2. Whether, in an action for judicial review of an agency decision, service of process is valid when the petitioner fails to serve the agency properly and promptly after filing the petition for review:

3. Whether a district court may dismiss an action for judicial review of an agency decision for failure of the petitioner to validly serve process, when the court has not received a responsive pleading from the agency involved.

Patricia Lee Martin (Patricia), a single mother, gave birth to B.J.M. on September 30, 1981. Approximately ten years later, she applied for public assistance under the Aid to Families with Dependent Children program, and named David Elliot Fife (David) as B.J.M.'s father. As part of the application process she assigned all of her rights to collect delinquent, future and present child support obligations from the putative father to the State of Montana, Department of Social and Rehabilitation Services.

CSED thereafter sought enforcement of its assigned rights by attempting to establish the paternity of B.J.M. It sent David a notice of parental responsibility, and then set a date for an administrative hearing on the matter.

David in return moved the agency to dismiss the action, challenging the constitutionality of CSED's process to determine paternity by compelled blood drawings. Acknowledging that constitutional issues cannot be determined in CSED's administrative forum, the hearing examiner denied David's motion. Following the hearing, the hearing examiner concluded there was sufficient evidence to demonstrate a reasonable probability that David may be the father of B.J.M., and ordered David to submit to paternity blood testing.

On November 19, 1992, David moved CSED to stay its decision and transmit the administrative record to the Fourth Judicial District Court, Missoula County, where he planned to file a petition for judicial review. On November 23, 1992, CSED responded

3

by denying David's motion on the grounds that CSED had not been served with a petition for judicial review of its administrative hearing order.

David thereafter filed a petition for judicial review at the District Court on November 25, 1992. He later (on or about November 30, 1992) mailed copies of the petition to both Patricia and CSED. In his petition, David named Patricia as the sole respondent.

On December 3, 1992, David sent notice that he had filed a petition for judicial review to the administrative hearing examiner, CSED, and Patricia. The notice stated that a copy of the petition was "attached to the original [petition for judicial review]," which had been previously mailed to CSED and to Patricia.

CSED filed a copy of the transcript and administrative hearing record with the court; it neither answered the mailed petition for judicial review or the notice of filing nor appeared in court. Subsequently, David obtained and sent a summons to CSED and Patricia. He also sent an acknowledgement of service form to each of those parties on January 11, 1993. However, CSED did not accept service of process or acknowledge service of the summons and complaint as required by Rule **4D,** M.R.Civ.P.

Prior to trial, the court reviewed the record and David's petition and dismissed the action on the grounds that CSED had not been properly named nor served with process. The court also denied David's motion to stay the agency's decision.

4

David moved for relief from the order of dismissal on February 8, 1993, arguing, among other things, that the court should not have reviewed the administrative hearing record, that the order deprives him of his day in court, and that CSED was not a necessary party to the proceedings before the court. In its response, CSED agreed with the court's holding that David had failed to properly serve the parties involved in the action.

By order dated March 23, 1993, the court reiterated its previous ruling, and also found that David had failed to serve the Attorney General's Office. David appeals.

I

IS CSED a necessary party to an action for judicial review of its administrative paternity hearing and subsequent order?

In his petition for judicial review, David named Patricia as the sole respondent. His present argument, which is not specific, is that he could not properly serve the State because the case had already been dismissed in the District Court. Additionally, he asserts that "[n]either the State nor CSED were parties before the Administrative Hearing Examiner." In the same paragraph of his brief, he contrarily states that "CSED, however, did represent [Patricia's] interests."

David's arguments are not persuasive. Patricia had assigned her child-support collection rights over to CSED as part of the Aid to Dependent Families with Children application process. CSED is the real party in interest in the paternity action and in the

5

underlying attempt to recover payment of child support benefits from the putative father of B.J.M. See § 40-5-232, MCA. Immediately prior to the hearing, the hearing examiner correctly gave notice to the parties that CSED was the real party in interest, by stating

> [s]ection 40-5-232 of the Montana Code states that if the paternity of child has not been established, the Department [CSED] may proceed to establish the paternity administratively as allowed by Section 40-5-231 through 40-5-237 Montana Code Annotated. [Emphasis supplied].

CSED initiated proceedings to determine paternity: Patricia was merely assisting the agency in determining the identity of B.J.M.'s father. See §§ 40-5-202 and -204, MCA. Moreover, the record reveals that David, CSED and Patricia were all represented in their individual capacities during the administrative hearing. This cumulative evidence leads us to conclude the District Court did not err in ruling that CSED was the real party in interest.

II

In an action for judicial review of an agency decision, is service of process valid when the petitioner fails to serve the agency properly and promptly after filing the petition for review?

David argues that he served all of the parties of record by mailing copies of the petition of judicial review to CSED and Patricia, and that the District Court should have added CSED as a party to the action. He asserts the court's order denies him of his day in court based merely on a technicality. CSED argues that

it was never validly served, and therefore the District Court was without jurisdiction to try the case. We agree with CSED.

As discussed above, CSED, the real party in interest, was the proper respondent to David's petition for judicial review. David failed to properly name CSED as the respondent in his petition for judicial review, and he failed to properly serve the agency as required by § 2-4-702, MCA. That section required David to serve copies of the petition promptly upon "the agency and all parties of record." Construing the language of § 2-4-702, MCA, this Court has stated

> service of a petition for judicial review within thirty days, or thereabouts, from the time the petition was filed in the District Court should not result in a dismissal [for failure to comply with § 2-4-702(2)(a), MCA]. . . .

Rierson v. State (1980), 188 Mont. 522, 528, 614 P.2d 1020, 1024.

Judicial review of administrative actions exists as a creature of statute. Section 2-4-702, MCA, provides for judicial review of an administrative agency decision only after certain procedures have been followed. The procedures comprise a jurisdictional threshold which must be met in order to vest authority in a district court. See generally Nye v. Dep't of Livestock (1982), 196 Mont. 222, 226, 639 P.2d 498, 500, citing Art. VII, § 4, Mont.Const. Service of process upon CSED must be made as required by Rule 4D(2)(h), M.R.Civ.P., which provides that when serving process upon any state board or agency, a party needs to deliver a

7

copy of the summons and complaint to the Attorney General and to any other party which may be prescribed by statute.

David filed the petition on November 25, 1992. By mailing a copy of the petition to CSED and Patricia, he did not effectuate valid service of process because Rule **4D(2)(h),** M.R.Civ.P., does not provide for service by mail upon CSED and because he failed to serve the Attorney General's Office. We conclude David did not effectuate valid service of process as required by law, and the District Court correctly held that it was without jurisdiction to hear the case.

III

May a District Court dismiss an action for judicial review of an agency decision for failure of the petitioner to validly serve process, when the court has not received a responsive pleading from the agency involved?

David argues that the court dismissed the action before CSED filed a responsive pleading in the matter. He contends the court is without authority to issue an order, when no party specifically requested the order. Additionally, David alleges that § 40-5-236(3), MCA, gave the court jurisdiction in this matter and that the court obtained personal jurisdiction over CSED through its voluntary appearance. His arguments are without merit.

Failure to make proper service of process prevents the court from obtaining jurisdiction in a case. See generally In Re Marriage of Fonk and Ulsher (Mont. **1993),** \_\_\_ **P.2d** \_\_\_, \_\_\_, 50

8

St.Rep. 1112, 1113. When David failed to validly serve process upon the agency and the State of Montana, he prevented the District Court from obtaining jurisdiction over the action. The court is not required to wait for a party who has not been properly served to file a responsive pleading prior to dismissing the action for lack of jurisdiction.

Because the District Court did not have jurisdiction over CSED, the petition for judicial review was a mere nullity and was properly dismissed. We conclude the District Court did not err in dismissing the case.

Affirmed.

_____
Chief Justice

We concur:

_____

_____

_____

_____
Justices

9

November 10, 1993

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Paul Neal Cooley
Skelton & Cooley
101 E. Main St.
Missoula, MT 59802

John McRae, Esq.
Dept. of SRS, Child Support Enforcement Div.
2501 Catlin, Ste. 208
Missoula, MT 59801

James P. Taylor
Attorney at Law
111 N. Higgins, Ste. 303
Missoula. MT 59802

Lynn M. Grant
Child Support Enforcement Div.
P.O. Box 5955
Helena, MT 59604

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
Deputy