No.   94-405

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995


DAVID ELLIOT FIFE,

          Plaintiff and Appellant,

     -v-

STATE OF MONTANA, CHILD SUPPORT
ENFORCEMENT DIVISION,

          Defendant and Respondent.

FILED

FE6 1 5 1995

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA


APPEAL FROM:   District Court of the Fourth Judicial District,
               In and for the County of Missoula,
               The Honorable John W. Larson, Judge presiding.


COUNSEL OF RECORD:

          For Appellant:

               Paul Neal Cooley,  Skelton & Cooley,  Missoula,
               Montana

          For Respondent:

               John M. McRae, Dept.  of Social & Rehabilitation
               Services,  Child  Support  Enforcement  Division,
               Missoula, Montana


                         Submitted on Briefs:  December 22, 1994

                                   Decided:  February 15, 1995

Filed:

_____
          Clerk

Justice Fred J. Weber delivered the Opinion of the Court.

This is an appeal from the denial of David Fife's Petition for Declaratory Judgment by the Fourth Judicial District Court, Missoula County. We affirm.

The only issue is whether the District Court was correct in denying declaratory judgment.

David Fife (Fife) is the putative father of BJM, a child born to Patricia Lee Martin (Patricia) out of wedlock. The child was born in 1981, but Patricia did not notify Fife of BJM's birth. She applied for Aid to Families with Dependant Children in November, 1991, ten years after BJM's birth, and the Child Support Enforcement Division (CSED) of the Department of Social and Rehabilitative Services notified Fife of his alleged parentage. He denied it and an administrative hearing was held at which it was determined that there was a reasonable probability that Fife was the father. He was subpoenaed and ordered to submit to a blood test to determine parentage.

Fife appealed this order to the Fourth Judicial District Court but failed to perfect the appeal when he did not notice the real party in interest, CSED, or name them in the action. Fife named Patricia only as the respondent even though Patricia had signed over to CSED all rights to support when she applied for Aid to Families with Dependant Children.

The District Court determined that it did not have jurisdiction and dismissed the suit. We affirmed the District Court's lack of jurisdiction and refused to review the substantive

merits of the case because the District Court had not issued findings and we, therefore, had nothing to review. Fife v. Martin (1993), 261 Mont. 471, 863 P.2d 403.

Following his failed appeal, Fife filed the present Petition for Declaratory Judgment seeking to have his constitutional rights adjudicated. CSED responded with a motion to dismiss. The Fourth Judicial District Court dismissed the cause, agreeing with CSED that Fife was merely attempting to relitigate the requirement that he have a blood test to determine parentage.

Fife argues that the merits of his case have never been litigated. However, the record shows that his case was heard by the appropriate administrative body. As a result of that hearing, he was ordered to submit to a blood test. That order is the final disposition of the case because Fife's subsequent appeal was of no effect. We conclude that Fife's present Petition for Declaratory Judgment is improper. The District Court determined that it was improper because of estoppel by judgment. We here determine that Fife's action must fail because of collateral estoppel.

In Linder v. Missoula County (1992), 251 Mont. 292, 824 P.2d 1004, we set out the three elements of collateral estoppel:

1. The issue has been decided in a prior adjudication and is identical to the one presented. Here, the administrative body decided the issue that Fife now presents--whether he is required to submit to a blood test.

2. A final judgment on the merits was issued. The

3

administrative body heard the evidence presented by Fife and found that he could have been the father. He was ordered to submit to a blood test. As a result of his failure to properly appeal, that decision handed down by the administrative body is the final judgment on the merits.

3. The party against whom the plea is asserted was a party or privity to the party in the prior adjudication. The concerned party in both cases is Fife. While he brought the action originally against the mother of the child, the real party in interest is CSED. The CSED was in privity to the mother because she signed over to CSED her rights to support when she accepted welfare. Therefore, the parties are at the very least, in privity.

Fife is attempting to relitigate his case. Be had the opportunity to appeal the final disposition of the administrative body but he failed to properly appeal. The Declaratory Judgment Act requires a controversy. Flesh v. Board of Trustees (1990), 241 Mont. 158, 786 P.2d 4. Once a controversy has been litigated, there is no controversy. There is no controversy here--it has been litigated in the administrative body.

We hold the District Court did not err in granting CSED's motion to dismiss with prejudice.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of this Court and by a report of its result to the

4

West Publishing Company.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____
Justices

February 15, 1995

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

Paul Neal Cooley
Skelton & Cooley
101 E. Main
Missoula, MT 59802

John M. McRae, Esq.
Dept. of Social & Rehabilitation Services
Child Support Enforcement Div.
1610 So. 3rd W., Ste. 201
Missoula, MT 59801

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy