No. 96-014

IN THE SUPREME COURT OF THE STATE OF MONTANA

1996

HILANDS GOLF CLUB,

      Petitioner and Appellant,

v.

JOAN ASHMORE a/k/a Joan Zirko,

      Respondent and Respondent.

FILED

JUL 23 1996

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable C. B. McNeil, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

          Mark D. Parker; Parker Law Firm, Billings,
          Montana

          James H. Goetz; Goetz, Madden & Dunn,
          Bozeman, Montana

      For Respondent:

          Virginia A. Bryan; Wright, Tolliver & Guthals,
          Billings, Montana

Submitted on Briefs:  May 16, 1996

Decided:  July 23, 1996

Filed:

_____
Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

Appellant, Hilands Golf Club (Hilands), appeals from the Yellowstone County, Thirteenth Judicial District Court's Order dismissing Hilands' Petition for Judicial Review with prejudice. We reverse.

Hilands raises three issues on appeal relating to whether the failure to serve a Rule 4, M.R.Civ.P., summons on respondent, Joan Ashmore (Ashmore) and the Montana Human Rights Commission (Commission) was obviated by their voluntary appearances in the District Court proceeding. We determine that Hilands' issue number four is dispositive; that is, whether service pursuant to Rule 5, M.R.Civ.P., rather than service pursuant to Rule 4, M.R.Civ.P., upon parties and non-party agencies to an administrative appeal to district court is sufficient? Consequently, we restate the dispositive issue as follows:

> Whether, when petitioning for judicial review of an administrative decision, the Montana Administrative Procedure Act requires service on agencies and parties pursuant to the provisions of Rule 4, M.R.Civ.P., as we held in Fife v. Martin (1993), 261 Mont. 471, 863 P.2d 403, or pursuant to the provisions of Rule 5, M.R.Civ.P.?

## BACKGROUND

In 1991, Ashmore brought a claim before the Commission alleging that Hilands had discriminated, based on gender, in its public accommodations contrary to § 49-2-304, MCA. A Commission investigator investigated Ashmore's complaints and found no

2

probable cause to believe that Hilands had violated § 49-2-304, MCA. Ashmore appealed this determination of no probable cause and the Commission held a contested case hearing on the matter. Following the hearing, the Commission's final order determined that Hilands had discriminated in its membership and other policies in violation of the Human Rights Act, §§ 49-1-101 through 49-4-511, MCA. The Commission awarded Ashmore damages and ordered broad relief to address Hilands' discriminatory practices.

Pursuant to § 2-4-702, MCA, Hilands filed a Petition for Judicial Review of the Commission's holding. Hilands, by mail, served copies of the petition for review on Ashmore's attorney and the attorney for the Commission, pursuant to Rule 5(b), M.R.Civ.P. However, Hilands did not have a summons issued or served on either entity.

On July 19, 1994, Ashmore moved to substitute the District Court judge. Numerous motions for substitution of judge followed. Ashmore, Hilands, the Commission, and the presiding judge held conferences to determine which outside judge would be called into the case. In April, 1995, they ultimately decided on District Court Judge C. B. McNeil.

In a scheduling conference held May, 1995, counsel for Ashmore, Hilands and the Commission agreed upon a briefing schedule. The Commission had participated throughout the District Court proceedings by joining in the conferences to select a judge, joining in the scheduling conference, filing notices of appearance,

3

and filing motions. However, Hilands consistently maintained that the Commission was not a party to this action because it had not been a party to the administrative proceedings below. The Commission concedes that it was not a party to the administrative proceedings before the Commission's hearing examiner.

At the May, 1995, scheduling conference in District Court, Hilands argued that the Commission was not a party to the action and that, should it wish to participate as a party, it should seek to intervene pursuant to Rule 24, M.R.Civ.P. Subsequently, the Commission moved to intervene in the matter and the District Court denied the motion, holding that the Commission was not properly a party. See Young v. City of Great Falls (1981), 194 Mont. 513, 515-16, 632 P.2d 1111, 1113.

In August, 1995, Hilands filed its brief on the merits in District Court. Ashmore's counsel obtained an extension until mid-October in which to file her answer brief. In early October, Ashmore filed a Rule 12(b), M.R.Civ.P., Motion to Dismiss. Ashmore based her Motion to Dismiss on Fife v. Martin (1993), 261 Mont. 471, 863 P.2d 403, arguing that service of process via summons, pursuant to Rule 4D, M.R.Civ.P., was necessary to establish jurisdiction in the District Court.

The District Court granted Ashmore's motion and dismissed the petition with prejudice. The court determined that under § 2-4-702(2)(a), MCA, copies of the petition for judicial review must be promptly served upon the agency from which review is sought, in

4

this case the Commission, in accordance with Rule 4D(2)(h), M.R.Civ.P. In other words, the court concluded that Hilands had failed to serve process upon the Commission, under Rule 4D(2)(h), M.R.Civ.P., by delivering a copy of the summons and petition to the Attorney General. The court relied on Fife, 863 P.2d 403, for the proposition that the procedures proscribed under § 2-4-702, MCA, comprise "a jurisdictional threshold which must be met in order to vest authority in a district court."

Based on its interpretation of Fife, the District Court concluded that, because the Commission had not been served via the Attorney General pursuant to Rule 4D(2)(h), M.R.Civ.P., the court did not have jurisdiction over this matter. Consequently, because it was too late for Hilands to obtain prompt service on the Commission and because Hilands had failed to comply with jurisdictional requirements, the court dismissed Hilands' Petition for Review with prejudice. Given its conclusion that it had no jurisdiction to proceed, the court decided it was unnecessary to address whether or not it had obtained jurisdiction pursuant to Rule 4B(2), M.R.Civ.P., over Ashmore by virtue of her voluntary appearances or whether the Commission had voluntarily appeared through its Motion to Intervene.

## STANDARD OF REVIEW

Ashmore based her motion to dismiss on lack of jurisdiction, Rule 12(b)(1) and (2), M.R.Civ.P. Motions to dismiss are construed in a light most favorable to the non-moving party, in this case

Hilands, and should not be granted unless it appears beyond doubt that Hilands can prove no set of facts in support of its claim which would entitle it to relief. See Lockwood v. W.R. Grace & Co. (1995), 272 Mont. 202, 207, 900 P.2d 314, 317; Boehm v. Nelson (1987), 229 Mont. 452, 453-54, 747 P.2d 213, 214. In considering the motion, the complaint is construed in the light most favorable to Hilands and all allegations of fact contained therein are taken as true. See Lockwood, 900 P.2d at 317; Boehm, 747 P.2d at 214. The District Court's determination that it did not have jurisdiction over this case is a conclusion of law. Pike v. Burlington N. R.R. Co. (1995), 273 Mont. 390, 392-93, 903 P.2d 1352, 1353. We review a district court's conclusions of law to determine whether the court's interpretation of the law is correct. Lockwood, 900 P.2d at 317.

## DISCUSSION

As discussed earlier, and because in this case we overrule Fife, 863 P.2d 403, we restate the dispositive issue as follows:

> Whether, when petitioning for judicial review of an administrative decision, the Montana Administrative Procedure Act requires service on agencies and parties pursuant to the provisions of Rule 4, M.R.Civ.P., as we held in Fife, 863 P.2d 403, or pursuant to the provisions of Rule 5, M.R.Civ.P.?

The District Court granted Ashmore's Rule 12(b) Motion to Dismiss for lack of jurisdiction. The court stated: "Service of process upon the Human Rights Commission must be made as required by Rule 4D(2)(h), M.R.Civ.P., by delivering a copy of the summons

6

and complaint (herein the petition) to the Attorney General and to any other party which may be prescribed by statute." The court determined that, under Fife, the procedures to gain jurisdiction as prescribed by the Montana Administrative Procedure Act (MAPA), §§ 2-4-101 through 711, MCA, and Montana's Rules of Civil Procedure, comprise a jurisdictional threshold which must be met in order to vest authority in a district court. Fife, 863 P.2d at 407. Having concluded that it had no jurisdiction over the Commission, the court declined to address the issue of whether it acquired jurisdiction over Ashmore pursuant to Rule 4B(2), M.R.Civ.P., due to her voluntary appearances.

In her Rule 12(b) Motion to Dismiss, Ashmore argued that, because Hilands failed to properly and promptly serve a copy of the summons and petition upon Ashmore, the Commission, and the Attorney General, under § 2-4-702, MCA, and Rule 4D, M.R.Civ.P., the District Court lacked personal and subject matter jurisdiction to hear this case. On appeal, Hilands frames the issue as solely a question of personal jurisdiction. Ashmore now counters that Hilands' failure to serve a copy of the summons or petition on Ashmore and the Commission via the Attorney General deprives the court of subject matter jurisdiction. There is no merit to Ashmore's contention that failure to serve process pursuant to Rule 4, M.R.Civ.P., deprives the court of subject matter jurisdiction. Rule 4, M.R.Civ.P., establishes the procedure for acquiring personal jurisdiction over persons or entities subject to the

7

court's jurisdiction. Subject matter jurisdiction exists independently of personal jurisdiction over the parties.

Article VII, § 4(2) of the Montana Constitution provides that the legislature may provide for direct review by the district court of decisions of administrative agencies. MAPA, Title 2 Chapter 4 at Part 7, provides the procedures for judicial review of administrative contested cases. MAPA provides that: "A person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision in a contested case is entitled to judicial review under this chapter." Section 2-4-702, MCA. Thus, the district courts have subject matter jurisdiction over administrative appeals.

The Human Rights Act sets out the procedures for contested cases. Sections 49-2-501 through -510, MCA. Contested case hearings and subsequent proceedings under the Human Rights Act must be held in accordance with MAPA. Section 49-2-505, MCA. MAPA sets forth the procedure for initiating judicial review of contested cases at § 2-4-702, MCA:

> (2)(a) . . . proceedings for review must be instituted by filing a petition in district court within 30 days after service of the final decision of the agency or, if a rehearing is requested, within 30 days after the decision is rendered. . . . Copies of the petition must be promptly served upon the agency and all parties of record.

Additionally, at § 2-4-106, MCA, MAPA provides that:

> Except where a statute expressly provides to the contrary, service in all agency proceedings subject to the provisions of this chapter and in proceedings for

8

judicial review thereof shall be as prescribed for civil actions in the district courts.

In other words, service under MAPA shall be as prescribed by the Montana Rules of Civil Procedure unless a statute expressly provides otherwise. MCI Telecommunications Corp. v. Department of Public Serv. Regulation (1993), 260 Mont. 175, 179, 858 P.2d 364, 367. We treat administrative agency appeals to district courts in a manner similar to other proceedings. MCI, 858 P.2d at 367. Moreover, we encourage a liberal interpretation of procedural rules governing judicial review of an administrative decision, rather than taking an overly-technical approach, so as to best serve justice and allow the parties to have their day in court. Young, 632 P.2d at 1113.

It is uncontested that Hilands timely filed a Petition for Judicial Review pursuant to § 2-4-702, MCA. Hilands, by mail, served copies of the petition upon Ashmore's attorney and upon the Commission's attorney, pursuant to Rule 5(b), M.R.Civ.P. It is also uncontested that Hilands did not have a summons issued or served on Ashmore, the Commission, or the Attorney General, pursuant to Rules 4C and 4D, M.R.Civ.P.

Both Ashmore and the District Court rely on Fife for the proposition that service of process, as set forth in Rule 4D(2)(h), M.R.Civ.P., upon the Commission and the Attorney General must be accomplished in order to vest jurisdiction in a district court. 863 P.2d 403. In Fife, Patricia Lee Martin (Martin) assigned her

9

rights to collect delinquent, future and present child support obligations owed her by David Fife (Fife), to the Department of Social and Rehabilitation Services, Child Support Enforcement Division (CSED). CSED sought enforcement of its assigned rights. CSED sent Fife a notice of parental responsibility and set a date for an administrative hearing on the matter. Fife moved the agency to dismiss the action on constitutional grounds. After various administrative proceedings, Fife petitioned the district court for judicial review naming Martin as the sole respondent. Fife mailed copies of the petition to Martin and CSED. Fife, 863 P.2d at 405.

On appeal, this Court determined that because Martin had assigned her rights to CSED, CSED was the real party in interest and the proper respondent to Fife's petition for judicial review. Fife had mailed copies of the petition for judicial review to CSED and Martin, but had not properly named CSED as the respondent in his petition, nor served CSED pursuant to Rule 4D, M.R.Civ.P. CSED did not answer the mailed petition for judicial review and CSED did not appear in court. When Fife subsequently obtained and mailed a summons to CSED and Martin, CSED refused to acknowledge service of the summons and complaint as allowed by Rule 4D, M.R.Civ.P. Fife, 863 P.2d at 405.

We held, in Fife, that MAPA, § 2-4-702, MCA, requires that service upon a party to an administrative appeal be accomplished through a Rule 4D, M.R.Civ.P., service of summons. Fife, 863 P.2d at 407. We now overrule this holding in Fife and hold instead

10

that, for the purposes of an administrative appeal to the district court, service upon the parties and the agency, whether the agency itself is a party or not, pursuant to Rule 5, M.R.Civ.P., is sufficient.

Under the Rules of Civil Procedure, service can be accomplished under either of two rules, Rule 4 or Rule 5, M.R.Civ.P. Under Rule 4, M.R.Civ.P., jurisdiction is acquired through the service of process. Process, under Rules 4C and 4D, M.R.Civ.P., requires the issuance and service of a summons upon a party. Once served with a summons, the party so served is required to appear and defend. Rule 4C(2), M.R.Civ.P. If the party does not appear and defend, Rule 4C(2), M.R.Civ.P., provides that judgment by default will be rendered against him.

However, a petition for judicial review to the district court is analogous to an appeal, as recognized by this Court, in MCI, 858 P.2d 364. As a prerequisite to judicial review, the parties must have "exhausted all administrative remedies available within the agency." Section 2-4-702(1)(a), MCA. By the time the matter is before the district court for judicial review, the parties have already been defined through their appearance at, and participation in, the administrative proceedings. There is no more need to acquire Rule 4, M.R.Civ.P., personal jurisdiction over these parties than there would be in an appeal from district court to the Supreme Court.

That leaves Rule 5(b), M.R.Civ.P., as the only other method

11

within the Rules of Civil Procedure for serving parties to an administrative appeal. As between the only two options for service, Rule 4, M.R.Civ.P., and Rule 5, M.R.Civ.P., Rule 5, M.R.Civ.P., is the more logical choice for effecting service. Rule 5, M.R.Civ.P., is designed to give notice via mailing or delivery of papers and pleadings. Unlike Rule 4, M.R.Civ.P., it is not designed to acquire jurisdiction over persons, nor does it require the service of a summons with the attendant requirement that the served party appear and defend or face a default judgment. While we recognize that Rule 5, M.R.Civ.P., speaks in terms of serving "parties," we hold that, for the purposes of service under MAPA, it is sufficient to mail copies of the Petition for Judicial Review upon the parties and the agency, whether the agency is itself a party or not. Accordingly, we hold that Rule 5(b), M.R.Civ.P., service by mail is all that is necessary to satisfy the service requirement of § 2-4-702, MCA. We reverse the District Court's conclusion that failure to serve summons and a copy of the petition upon the Commission through the Attorney General deprived the court of jurisdiction to proceed.

Finally, we note that the District Court based its dismissal on its conclusion that it had no jurisdiction over the Commission. The court did not address its jurisdiction over Ashmore. The question of whether Ashmore's voluntary appearances subjected her to the jurisdiction of the District Court pursuant to Rule 4B(2), M.R.Civ.P., is irrelevant given our holding that service pursuant

12

to Rule 5, M.R.Civ.P., is sufficient under §§ 2-4-106 and 2-4-702(2)(a), MCA. Hilands mailed the Petition for Judicial Review to Ashmore pursuant to Rule 5(b), M.R.Civ.P. This mailing was sufficient to vest the District Court with jurisdiction over Ashmore as well as the Commission.

The District Court erred in dismissing Hilands' Petition for Judicial Review for lack of jurisdiction. Hilands' service of the petition on Ashmore and the Commission, a non-party, according to Rule 5(b), M.R.Civ.P., was sufficient to satisfy the requirements of § 2-4-702, MCA.

We reverse.

_____
Justice

We concur:

_____
_____
_____
_____
Justices

13

## CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

Mark D. Parker
Parker Law Firm
Box 7212
Billings MT  59013-7212

James H. Goetz
Goetz, Madden & Dunn, P.C.
Box 428
Bozeman MT  59771-0428

Virginia A. Bryan, Esq.
Wright, Tolliver and Guthals, P.C.
Box 1977
Billings MT  59103-1977

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _N. Gallagher_    7-23-96
Deputy