No. 96-251

IN THE SUPREME COURT OF THE STATE OF MONTANA

1996


DARYL A. STENSTROM,

      Plaintiff and Appellant,

  v.

STATE OF MONTANA, CHILD SUPPORT
ENFORCEMENT DIVISION and
THE STATE OF NEBRASKA.

      Defendants and Respondents.

FILED

DEC 20 1996

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA


APPEAL FROM: District Court of the Twentieth Judicial District,
In and for the County of Lake,
The Honorable C. B. McNeil, Judge presiding.


COUNSEL OF RECORD:

      For Appellant:

      Terry Wallace, Attorney at Law, Missoula, Montana

      For Respondents:

      K. Amy Pfeifer, Attorney at Law, Department of
      Public Health and Human Services, Helena, Montana


Submitted on Briefs: October 31, 1996

Decided: December 20, 1996

Filed:

Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

Appellant Daryl A. Stenstrom (Stenstrom) appeals the March 15, 1996 Order of the Twentieth Judicial District Court, Lake County, dismissing his Notice of Appeal and "Complaint for Relief Jury Demand." We affirm in part and reverse in part.

We consider the following issues on appeal:

1. Did the District Court err in dismissing Stenstrom's "Complaint for Relief Jury Demand?"

2. Did the District Court err in dismissing Stenstrom's Notice of Appeal of the May 1, 1995 Order of the Child Support Enforcement Division (CSED)?

## Procedural and Factual Background

On October 3, 1994, CSED received an interstate Child Support Enforcement Transmittal from the Lancaster County Attorney's Office in Lincoln, Nebraska. The referral requested collection of child support arrears allegedly owed by Stenstrom, via income withholding. The alleged debt was based on an Order issued in the district court of Lancaster County, Nebraska on July 17, 1986, finding Stenstrom to be the father of Troy Clark and setting child support payments of $125 per month commencing August, 1986.

The CSED initiated income withholding proceedings against Stenstrom pursuant to § 40-5-401 et seq., MCA. Stenstrom was served a Notice of Intent to Withhold Income which alleged that Stenstrom owed $9,960 as support arrears and had a continuing support obligation of $125 per month. Stenstrom requested an administrative hearing alleging that the paternity determination in

2

the Nebraska order was invalid for lack of hearing or service of process on him and that the child support determination was invalid as Nebraska never served him with any process regarding a determination of support.

A telephonic administrative hearing on Stenstrom's objection to withholding was held on January 17, 1995, more that sixty days after the Notice of Intent was served. At the outset of the hearing, Stenstrom objected to the presence of persons not directly participating in the proceeding, claiming that the hearing should be confidential pursuant to § 40-6-120, MCA, of the Uniform Parentage Act, as the proceeding was one for paternity. The CSED argued that the matter was an income withholding action under § 40-5-414, MCA, and not a paternity hearing. The Administrative Law Judge (ALJ) stayed the hearing to allow briefing by the parties.

In his brief, Stenstrom claimed that a hearing had not been held within forty-five days of service of the Notice of Intent to Withhold as mandated by § 40-5-414(7), MCA, and 46.30.643(1), ARM, and that the hearing should be confidential pursuant to § 40-6-120, MCA.

On May 1, 1995, the ALJ issued an Order Denying Motion for a Closed Telephone Hearing and Order Denying Motion to Dismiss. The Order stated that Stenstrom could not raise paternity as an issue in the proceeding and that the delay in holding the initial hearing was warranted. The hearing was then reset for June 19, 1995.

On June 15, 1995, before the administrative hearing was held, Stenstrom filed a "Complaint for Relief Jury Demand" in District

3

Court. The complaint alleged that the defendant State of Nebraska fraudulently obtained its paternity and support order against him; that defendant State of Montana CSED failed to register the Nebraska order; that a final decision of the CSED would not provide him an adequate remedy and therefore the decision to foreclose the issue of paternity was immediately reviewable under § 2-4-701, MCA; that defendants intentionally and deliberately inflicted extreme emotional and mental pain and anxiety on him; and requested reasonable attorney's fees, return of wages with interest, damages, and costs. In the complaint, Stenstrom asked the court to declare "defendants' order null and void from fraud and lack of jurisdiction." Stenstrom did not request the ALJ or the District Court to stay the impending administrative hearing.

On June 17, 1995, a copy of the summons issued by the Clerk of the District Court was telefaxed to defendant CSED but the complaint was neither telefaxed with the summons nor later mailed to CSED. The complaint was not served on CSED until November 14, 1995, at which time the CSED acknowledged service.

The ALJ convened the administrative withholding hearing on June 19, 1995, despite the absence of Stenstrom or his attorney. On June 29, 1995, the ALJ issued his Income Withholding Decision and Order determining that Stenstrom owed $1,710 for the support of Troy Clark. An amended Order was issued July 11, 1995, reflecting the accurate period of time for which Stenstrom owed child support based upon evidence that Troy was adopted by his step-father in April of 1989.

4

On July 31, 1995, Stenstrom filed a Notice of Appeal in the District Court seeking judicial review of the June 29, 1996 Income Withholding Decision on the basis *inter alia*, that CSED lacked *in rem* and *in personam* jurisdiction as a result of his complaint filed in the District Court. Stenstrom had mailed counsel for CSED a copy of the Notice of Appeal on July 27, 1995.

CSED subsequently filed a Motion to Dismiss both the Complaint and the Notice of Appeal with the District Court. The motion to dismiss the complaint was based on Rules 12(b)(1), (lack of subject matter jurisdiction), 12(b)(6), (failure to state a claim for which relief can be granted), 12(b)(7), (failure to join an indispensable party under Rule 19), and failure to exhaust administrative remedies. The motion to dismiss the Notice of Appeal was based on Rules 12(b)(1), (lack of subject matter jurisdiction), 12(b)(2), (lack of personal jurisdiction) and 12(b)(4) and (5) (insufficiency of process and insufficiency of service of process).

After briefing, the District Court issued its Order on March 15, 1996, granting CSED's motion to dismiss the Notice of Appeal and the "Complaint for Relief Jury Demand," and adopting the "rationale and authorities cited by Defendant Montana Child Enforcement Division. . . ." Stenstrom appeals from this order.

### Standard of Review

Motions to dismiss are construed in a light most favorable to the non-moving party and should not be granted unless it appears beyond a doubt that the non-moving party can prove no set of facts in support of its claim which would entitle it to relief. See

5

Hilands Golf Club v. Ashmore (Mont. 1996), 922 P.2d 469, 471-72, 53 St.Rep. 664, 665. In considering the motion, the complaint is construed in the light most favorable to the non-moving party and all allegations of fact contained therein are taken as true. The District Court's conclusions that Stenstrom's "Complaint for Relief Jury Demand" and his Notice of Appeal failed to withstand CSED's 12(b) motions are conclusions of law. Our standard of review of a district court's conclusions of law is whether the court's interpretation of the law is correct. Carbon County v. Union Reserve Coal Co., Inc. (1995), 271 Mont. 459, 898 P.2d 680, 686.

### Issue One

Did the District Court err in dismissing Stenstrom's
Notice of Appeal of the ALJ's June 29, 1995 Order finding
Stenstrom liable for child support arrearages?

Stenstrom filed the Notice of Appeal on July 31, 1995. In its brief, CSED concedes that Stenstrom timely filed his Notice of Appeal. At the time Stenstrom filed and mailed his Notice of Appeal, mailing was not sufficient service to perfect a judicial review. See Fife v. Martin (1993), 261 Mont. 471, 863 P.2d 403. However, this Court overruled Fife, in Hilands, in which we held that service by mail of a petition for judicial review in accordance with Rule 5, M.R.Civ.P., is sufficient service. Hilands, 922 P.2d at 474. Since an appellate court must apply the law in effect at the time it renders its decision, see Day v. Child Support Enforcement Div. (1995), 272 Mont. 170, 900 P.2d 296, we must, consistently with Hilands, hold that the Notice of Appeal was a timely served request for judicial review. Consequently, the

6

District Court has jurisdiction to hear the petition for judicial review and we therefore remand to the District Court for judicial review of the June 29, 1995 Administrative Order.

## Issue Two

Did the District Court err in dismissing Stenstrom's "Complaint for Relief Jury Demand?"

Stenstrom argues that his "Complaint for Relief Jury Demand" was not only a complaint but also a petition for judicial review of the ALJ's May 1, 1995 Order refusing to close the hearing and precluding paternity as an issue in the hearing. Stenstrom argues that he was forced to litigate all of his claims in one petition to avoid later dismissal on the basis of *res judicata* and hence his complaint for damages and his request for judicial review of an intermediate order were presented together. Stenstrom argues that the District Court erred in dismissing both his claims for damages and his request for judicial review of an intermediate administrative order pursuant to § 2-4-701, MCA.

The CSED alleges that Stenstrom's request for judicial review of the May 1, 1995 Order was properly dismissed because it failed to conform to the judicial review requirements of § 2-4-702, MCA. Stenstrom alleges that because he requested judicial review of an intermediate administrative order rather than a final administrative order, the requirements of § 2-4-702, MCA, do not apply.

Section 2-4-701, MCA, allows for immediate review of agency action.

7

A preliminary, procedural, or intermediate agency action or ruling is immediately reviewable if review of the final agency decision would not provide an adequate remedy.

Section 2-4-702, MCA, details the procedures for initiating judicial review of contested cases:

(1) (a) A person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision in a contested case is entitled to judicial review under this chapter. This section does not limit utilization of or the scope of judicial review available under other means of review, redress, relief, or trial de novo provided by statute.
. . . .
(2) (a) Except as provided in subsection (2)(c), proceedings for review must be instituted by filing a petition in district court within 30 days after service of the final decision of the agency . . . . Copies of the petition must be promptly served upon the agency and all parties of record.

CSED relies on Fife and Rierson v. State (1980), 188 Mont. 522, 614 P.2d 1020, for the proposition that a petition for judicial review should be served on a party within "thirty days or thereabouts." Citing MCI v. Department of Public Serv. Regulation (1993), 260 Mont. 175, 858 P.2d 364, CSED notes that the Supreme Court does not have jurisdiction unless the appellant has strictly complied with the judicial review statutes. While CSED correctly cites the law from the above-mentioned cases, none of the decisions involved judicial review of an intermediate administrative decision pursuant to § 2-4-701, MCA. All of the above cases sought judicial review of final agency action pursuant to § 2-4-702, MCA.

Stenstrom cites to Wilson v. Department of Public Serv. Reg. (1993), 260 Mont. 167, 858 P.2d 368, to illustrate this Court's recognition of the uniqueness of § 2-4-701, MCA. The Wilsons were

8

allowed to amend their application to the district court for alternative writs to include a § 2-4-701, MCA, request for judicial review. Wilson, 858 P.2d at 370. Although it appears that the Wilsons did not comply with the § 2-4-702, MCA, requirement of filing a petition for judicial review within thirty days, this Court did not decide the issue of whether a request for judicial review of an intermediate administrative order must comply with the procedural requirements for judicial review pursuant to § 2-4-702, MCA. The issue in Wilson was whether or not a final agency decision would provide an adequate remedy for the Wilsons, thus, allowing them to seek immediate review. Wilson, 858 P.2d at 370. This Court has not yet decided whether the procedural requirements of § 2-4-702, MCA, apply to judicial review of intermediate agency actions pursuant to § 2-4-701, MCA.

The role of the Court in interpreting statutory language is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted or to omit what has been inserted. Section 1-2-101, MCA; Goyen v. City of Troy (1996), 276 Mont. 213, 221, 915 P.2d 824, 829. The rules of statutory construction require the language to be construed according to its plain meaning. Stratemeyer v. Lincoln County (1996), 276 Mont. 67, 72-73, 915 P.2d 175, 178.

A plain reading of both statutes leads us to conclude that the legislature did not provide that the procedural requirements of § 2-4-702, MCA, apply to immediate review of agency action under § 2-4-701, MCA. Section 2-4-701, MCA, itself does not require

adherence to the provisions of § 2-4-702, MCA. The introductory language in § 2-4-702(1)(a), MCA, states that "[a] person who has exhausted all administrative remedies available within the agency and who is aggrieved by a *final* decision in a contested case is entitled to judicial review under this chapter." (Emphasis added.) Section 2-4-702(2)(a), MCA, which contains the thirty-day requirement, states that a petition must be filed "within 30 days after service of the *final* decision of the agency . . . ." (Emphasis added.) When a person seeks judicial review of an intermediate agency action there is no final decision. Additionally, § 2-4-702(1)(a), MCA, states that "this section does not limit utilization of or the scope of judicial review available under other means of review . . . ." Section 2-4-701, MCA, is another means of judicial review which is apparently not limited by § 2-4-702, MCA.

Thus, the legislature has not provided that the procedural requirements of § 2-4-702, MCA, apply to immediate review of an intermediate agency action under § 2-4-701, MCA. Nevertheless, in the interest of consistency in judicial review procedures of administrative actions, and until the legislature makes clear the procedures to be followed for immediate review of agency action under § 2-4-701, MCA, we find, for future reference, that the procedural requirements of § 2-4-702, MCA, should be followed when seeking immediate review of agency action under § 2-4-701, MCA.

However, because the legislature failed to clearly provide that the procedural requirements of § 2-4-702, MCA, apply to

10

immediate review of agency action in § 2-4-701, MCA, and a fair reading of § 2-4-702, MCA, limits its application to "final decisions," it would be patently unfair to apply the procedural requirements of § 2-4-702, MCA, to Stenstrom's petition for immediate review.

Therefore, we reverse the District Court's dismissal of Stenstrom's request for immediate review of the ALJ's May 1, 1995 Order, precluding paternity as an issue at the hearing, for failure to comply with the requirements of § 2-4-702, MCA. We remand to the District Court to hear the judicial review of the ALJ's May 1, 1995 Order.

The rules of appellate procedure do not provide that a decision appealed from is automatically stayed. See Rule 7, M.R.App.P. Therefore, contrary to Stenstrom's claim, filing of the petition for immediate judicial review pursuant to § 2-4-701, MCA, did not automatically stay further proceedings and the ALJ retained jurisdiction to conduct the second administrative hearing setting the support amount.

Stenstrom's other claims pertaining to the ALJ's lack of jurisdiction over the second administrative hearing including CSED's failure to hold the initial hearing within forty-five days of the Notice of Intent to Withhold, and CSED's failure to give Stenstrom notice of registration of the support order pursuant to § 40-5-188, MCA, must be addressed by the District Court in its review of the May 1, 1995 Order.

11

Stenstrom also appeals the dismissal of his tort claims against the State of Nebraska and the State of Montana in his "Complaint for Relief Jury Demand." CSED argues that these claims must be dismissed because Stenstrom failed to exhaust his administrative remedies, failed to present his claims to the Department of Administration, and failed to join indispensable parties.

Because we hold that Stenstrom's "Complaint for Relief Jury Demand" constituted a valid request for immediate judicial review pursuant to § 2-4-701, MCA, CSED's argument that Stenstrom failed to exhaust his administrative remedies fails.

However, because Stenstrom failed to present his tort claims to the Department of Administration pursuant to § 2-9-301(1), MCA, his tort claims were properly dismissed.

In his "Complaint for Relief Jury Demand," Stenstrom alleged that both defendants, State of Nebraska and State of Montana, acted fraudulently and with bad faith and that they inflicted extreme emotional and mental pain and anxiety on him. He requested reasonable attorney's fees, return of wages with interest, damages, and costs.

Section 2-9-301(1), MCA, requires all claims against the state arising under parts 1 through 3 of Chapter 9 to be presented in writing to the Department of Administration.

> A complaint based on a claim subject to the provisions of subsection (1) may not be filed in district court unless the claimant has first presented the claim to the department of administration and the department has finally denied the claim.

12

Section 2-9-301(2), MCA. "Claim" is defined in § 2-9-101, MCA, as:

> [A]ny claim against a governmental entity, for money damages only, which any person is legally entitled to recover as damages because of personal injury or property damage caused by a negligent or wrongful act or omission committed by any employee of the governmental entity while acting within the scope of his employment, under circumstances where the governmental entity, if a private person, would be liable to the claimant for such damages under the laws of the state.

A claim for infliction of mental pain and anxiety constitutes a tort claim for personal injury. See Sacco v. High Country Indep. Press, Inc. (1995), 271 Mont. 209, 896 P.2d 411. All tort claims against the state must be filed with the Department of Administration before being filed in district court. Where a petitioner has failed to first file with the Department of Administration, the district court lacks jurisdiction to review the matter. Cottonwood Hills, Inc. v. State Dep't of Labor (1989), 238 Mont. 404, 777 P.2d 1301 (dismissing a tort claim when brought with a petition for judicial review for failure to first file with the Department of Administration).

Stenstrom has presented no evidence that he filed his tort claim with the Department of Administration. Instead, he points out that the Department has 120 days in which to respond to a claim, and argues that if he had filed his claim with the Department before filing his petition for judicial review, he would not have been able to meet the alleged thirty-day deadline in which to perfect his judicial review. However, § 2-9-301(2), MCA, provides that the 120-day period tolls the statute of limitation for that time, and thus Stenstrom's thirty days would not begin to

13

run until after the Department of Administration ruled on his claim or until the 120-day period expired.

Because Stenstrom failed to first file his tort claims with the Department of Administration, the District Court was correct in dismissing his tort claims and we need not address the issue of whether Stenstrom's tort claims should be dismissed for failure to join indispensable parties.

## Conclusion

We reverse the District Court's dismissal of Stenstrom's Notice of Appeal of the ALJ's June 29, 1995 Order setting support. We reverse the District Court's dismissal of Stenstrom's request for immediate judicial review of the ALJ's May 1, 1995 Order. We affirm the District Court's dismissal of Stenstrom's tort claims in his "Complaint for Relief Jury Demand." We remand to the District Court for judicial review of both the June 29, 1995 Order and the May 1, 1995 Order of the ALJ in conformity with this decision.

/s/ William Leaphart
Justice

We concur:

/s/ [signatures]
Justices

14

January 13, 1997

## CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

Terry Wallace
Attorney At Law
Box 4763
Missoula MT 59806-4763

K. Amy Pfeifer
Department of Public Health
and Human Services
3075 North Montana, Suite 112
Helena MT 59620

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy