No. 98-550

IN THE SUPREME COURT OF THE STATE OF MONTANA

1999 MT 23N

ROSEMARY COLVER,

Plaintiff and Appellant,

v.

WILLIAM R. PALMER, MARILYN M. PALMER,

and RONALD HENRY,

Defendants and Respondents.

APPEAL FROM: District Court of the Thirteenth Judicial District,

In and for the County of Carbon,

The Honorable Diane G. Barz, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Thomas J. Stusek, Attorney at Law, Billings, Montana

For Respondents:

Roberta Anner-Hughes; Herndon, Sweeney & Halverson,

Billings, Montana

Submitted on Briefs: January 21, 1999

Decided: February 18, 1999

Filed:

_____

Justice Karla M. Gray delivered the Opinion of the Court.

**¶1. Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number, and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.**

**¶2. Rosemary Colver (Colver) appeals from the judgment entered by the Thirteenth Judicial District Court, Carbon County, on its order granting the motion to dismiss her amended complaint and petition for declaratory judgment filed by William R. Palmer, Marilyn M. Palmer (collectively, the Palmers) and Ronald Henry (Henry). We reverse and remand.**

**¶3. The sole issue on appeal is whether the District Court erred in dismissing Colver's amended complaint and petition for declaratory judgment with prejudice.**

**¶4. This case centers on a boundary dispute between adjacent real property owners Colver and the Palmers. Colver's land lies directly to the east of the Palmers' and Rock Creek runs between the two parcels of land. While the record is not entirely clear regarding Henry's record ownership of any interest in the Palmers' property, he claims such ownership; therefore, for purposes of this opinion only, he is deemed a co-owner, with the Palmers, of the parcel of land lying west of Rock Creek.**

**¶5. In 1997, Henry obtained a permit from the Carbon County Conservation District to do riprap work on Rock Creek and proceeded with the work. Colver demanded that Henry stop the work, alleging that he was trespassing on her property. When Henry did not do so, Colver filed a complaint in the District Court alleging that Rock Creek and certain land east of a "fixed point" line west of Rock Creek were owned by her. She sought treble general damages, punitive damages and injunctive relief restraining Henry, the Palmers and their agents from entering her premises. Colver**

also moved for a temporary restraining order and filed an affidavit stating her desire to hire an engineering firm to locate the boundary pins delineating her property so she could fence her property line, and her concern that the firm would be disturbed or harassed while performing the work. The District Court granted a temporary restraining order and ordered the Palmers and Henry to show cause why the temporary restraining order should not remain in effect until a final judgment was entered in the case.

¶6. Prior to the time scheduled for the show cause hearing, Colver, the Palmers and Henry entered into a stipulation--dated December 5, 1997--to vacate the hearing. The stipulation also provided:

1. [Colver] has not completed necessary survey work. [Palmers and Henry] agree to permit [Colver's] surveyor to enter, unmolested, upon their property, as necessary and with advance notice given to their attorney, to conduct such field work as he deems necessary to complete his boundary analysis and survey;

. . . .

3. [Colver] shall complete its surveyor's work by January 31, 1998, or shall dismiss this action with prejudice;

4. If the parties agree to the correct location of their common boundary line, then the parties will agree to execute such "Boundary Agreement" or other settlement documents as are necessary to firmly establish their respective ownership interests; and

5. In the event that the parties cannot come to agreement upon a correct boundary line, then this matter will be brought to the Court for its guidance as to resolution of any disputed matter.

¶7. Colver subsequently filed an amended complaint more specifically setting forth her claim that Rock Creek and its stream bed, to the westerly bank of Rock Creek, is located upon, and wholly within, the confines of her property and noting the claim of the Palmers and Henry that their property ownership extended east beyond the westerly bank of Rock Creek and to Rock Creek itself. The Palmers and Henry answered the amended complaint and asserted affirmative defenses.

¶8. Shortly thereafter, the Palmers and Henry filed a motion to dismiss or, in the alternative, to enforce the parties' stipulation. They contended that the stipulation required Colver to conduct and complete a survey on or before January 31, 1998, or dismiss the action with prejudice and that they were entitled to dismissal of her amended complaint because Colver failed to timely complete a survey.

¶9. Colver opposed the motion to dismiss contending that, as set forth in his supporting affidavit, her surveyor performed the work he deemed necessary and the work resulted in her amended complaint alleging a different boundary--the westerly bank of Rock Creek--than was set forth in her original complaint. According to Colver, the parties' dispute over the proper boundary remained a justiciable legal issue which likely could be resolved on motions for summary judgment after minimal discovery. The Palmers and Henry filed a reply brief in support of their motion to dismiss in which they presented--for the first time--substantive legal arguments regarding the allegations in Colver's amended complaint. The relief requested, however, remained the same as in their motion: namely, enforcement of the stipulation and dismissal of Colver's case with prejudice.

¶10. The District Court set the motion to dismiss for oral argument. At the outset of oral argument, counsel for the Palmers and Henry observed that the motion to dismiss was premised on the narrow issue that Colver had not complied with the stipulation. The District Court agreed that the issue as stated was the only issue before it for argument. It took the motion under advisement and thereafter, via an Order and Memorandum, granted the Palmers and Henry's "Motion to Dismiss with Prejudice in accordance with the Stipulation of the parties, as well as Defendants['] Motion to Dismiss on substantive grounds . . . ." Judgment was entered accordingly and Colver appeals.

¶11. Did the District Court err in dismissing Colver's amended complaint with prejudice on the basis of the parties' stipulation and on the merits?

¶12. Motions to dismiss must be construed in a light most favorable to the nonmoving party and should not be granted unless it appears beyond doubt that the nonmoving party can prove no set of facts in support of its claim which would entitle it to relief. Stenstrom v. State (1996), 280 Mont. 321, 325, 930 P.2d 650, 652 (citation omitted). A district court's determination that the complaint at issue does not withstand a motion to dismiss is a conclusion of law which we review to determine

whether the interpretation of the law is correct. *Stenstrom*, 280 Mont. at 325, 930 P.2d at 652-53 (citation omitted).

¶13. As set forth above, the Palmers and Henry's motion to dismiss was premised on their contention that the December 5, 1997, stipulation required Colver to have a survey conducted and completed by January 31, 1998, or dismiss her action with prejudice. It is undisputed that Colver's surveyor did not conduct a survey and, indeed, did not do field work in the disputed area.

¶14. The District Court's analysis of the stipulation was "that both parties contemplated that [Colver] would have her own surveyor conduct a survey of the boundary, which would include actual field work. . . . [T]he Stipulation was clearly intended to allow for actual field work to be conducted or the action would be dismissed." Observing that Colver's surveyor did not complete his "work" within the required time period, the District Court dismissed Colver's action with prejudice.

¶15. Comparing the language of the stipulation with the District Court's analysis, we conclude that the District Court erred in interpreting the stipulation. First of all, it is clear that what the parties to the stipulation may have "contemplated" was not the issue before the District Court. The issue was what the stipulation required Colver to do by January 31, 1998, in order to avoid dismissing her action with prejudice. In that regard, the stipulation clearly required "such field work" as Colver's surveyor "deems necessary." While that language supports the District Court's determination that actual field work was allowed, it does not support the court's conclusion that "actual field work" was required. The extent of actual field work necessary was a matter left to Colver's surveyor's discretion and, as his report dated December 12, 1997, suggests--and his affidavit reflects--he determined that field work was not necessary. Moreover, the surveyor's affidavit indicates that his "surveyor's work" was completed by the date of his report and, according to the surveyor, "surveyor's work" may, but need not necessarily, include field work. As a result, and contrary to the District Court's determination, the stipulation provision that Colver "complete [her] surveyor's work by January 31, 1998," was met.

¶16. We hold that the District Court erred in interpreting the parties' stipulation and in dismissing Colver's action with prejudice for failure to comply therewith.

¶17. The District Court also addressed the substance of Colver's amended complaint

and granted the Palmers and Henry's motion to dismiss "on substantive grounds." We conclude that the District Court erred in doing so.

¶18. The motion to dismiss filed by the Palmers and Henry was premised solely on Colver's purported failure to comply with the terms of the parties' stipulation. While it is true, as set forth above, that the Palmers and Henry included substantive arguments relating to Colver's amended complaint in their reply brief, it also is true that those arguments were newly raised at that point in the proceedings and were outside the parameters of the motion to dismiss as filed. As such, Colver did not have an opportunity to respond to those arguments. Moreover, as discussed above, the transcript of the oral argument on the motion to dismiss establishes that the only issue properly before the District Court was the "narrow issue" relating to the stipulation. Thus, we conclude that the District Court erred in granting the motion to dismiss on substantive grounds.

¶19. Reversed and remanded.

/S/ KARLA M. GRAY

We concur:

/S/ JAMES C. NELSON

/S/ WILLIAM E. HUNT, SR.

/S/ JIM REGNIER

/S/ W. WILLIAM LEAPHART