JUSTICE MORRISON
delivered the Opinion of the Court.
This appeal follows an order and judgment of the Eighth Judicial District, Cascade County, denying a motion to amend and dismissing appellant’s petition for judicial review of a decision and order of the State Board of Personnel Appeals.
On January 10, 1979, respondent, Construction and General Laborers’Union Local No.1334, AFL-CIO, filed an unfair labor practice charge with the Montana State Board of Personnel Appeals. This charge was filed on behalf of Bruce Young against appellant, City of Great Falls. Appellant answered and denied the charge, whereupon a hearing was held by an examiner for the Board. Following the hearing, the examiner on October 12, 1979, issued findings of fact, conclusions of law and a recommended order, confirming in part the unfair labor practice charge.
Appellant filed exceptions and objections to the decision rendered by the hearings examiner. A review hearing was then held and the Board of Personnel Appeals confirmed the recommended order. A final order was issued by the Board on February 21, 1980.
On March. 21, 1980, appellant petitioned the District Court for judicial review of the final order. Service of the petition and a summons was acknowledged by Young, the attorney general of the State of Montana and the Board of Personnel Appeals. Appellant, however, did not include the Board as a named party on the petition.
Respondent, on April 21, 1980, moved to dismiss the petition for the reason that appellant failed to name the Board as a party within the 30-day limitation provided for in section 2-4-702, MCA. On April 30, 1980, appellant moved to amend its petition to add the Board as a party. A hearing on the matter was held in the District Court on July 24,1980. On July 29,1980, the court issued a memorandum decision and order, denying appellant’s motion to amend the petition and granting respondent’s motion to dismiss. Judgment was so entered, and the City of Great Falls now appeals.
*515 The sole issue on appeal is whether the State Board of Personnel Appeals is required to be designated as a party on a petition for judicial review. We hold that the State Board of Personnel Appeals is not required to be made a party.
Section 2-4-702, MCA, governs judicial review proceedings under the Administrative Procedure Act, including review of decisions by the Board of Personnel Appeals. That statute, in part, provides as follows:
“(2)(a) Proceedings for review shall be instituted by filing a petition in district court within 30 days after service of the final decision of the agency or, if a hearing is requested, within 30 days after the decision thereon. Except as otherwise provided by statute, the petition shall be filed in the district court for the county where the petitioner resides or has his principal place of business or where the agency maintains its principal office. Copies of the petition shall be promptly served upon the agency and all parties of record.”
The only basis for dismissing this petition for judicial review is the claim by respondent that the Board is an indispensable party within the purview of Rule 19, M.R.Civ.P. In pertinent part, Rule 19 provides:
“A person who is subject to service of process shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest: ...”
There is some support for the proposition that an administrative agency must be joined under Rule 19, M.R.Civ.P. See Smith v. County of El Paso (1979), 42 Colo.App. 316, 593 P.2d 979; Civil Serv. Com’n of C. & C. of Denver v. District Court (1974), 186 Colo. 308, 527 P.2d 31.
We believe that Rule 19, M.R.Civ.P., does not, by its terms, contemplate inclusion of an administrative board as an indispensable party for purposes of judicial review. Where the legislature has intended for administrative bodies to be made parties, they have specifically so provided. For example, § 39-51-2410, MCA, providing for judicial review of a decision by the Board of Labor Appeals, provides that the Employment Security Division shall be deemed to *516 be a party in any action for judicial review. Yet when the legislature enacted 2-4-702, MCA, no provision was made for naming the “board” as a party for purposes of review.
Our court encourages a liberal interpretation of procedural rules governing judicial review of an administrative board. F. W. Woolworth Co., Inc. v. Employment Sec. Div. (1981), [192 Mont. 289,] 627 P.2d 851, 38 St.Rep. 694. Justice is best served avoiding an over-technical approach and allowing the parties to have their day in court.
We hold that the Board of Personnel Appeals need not be a party to proceedings for judicial review. Accordingly, the District Court order and judgment is reversed, and the case remanded for proceedings in accordance with this opinion.
JUSTICES HARRISON, SHEA and WEBER concur.