FILED

November 18 2008

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 07-0661

IN THE SUPREME COURT OF THE STATE OF MONTANA

2008 MT 384

IN THE MATTER OF the Protests to the Application
for transfer of Ownership of Montana Retail
On-Premises Consumption Beer/Wine License No.
02-401-0947-301, MONTANA LIL'S CASINO OF
GREAT FALLS (formerly Buffalo Bob's), 3100 Tri-Hill
Frontage Road, Great Falls, Cascade County, Montana

BEN FORSYTHE, BOB ALFRED, LORAN KELLER,
JIM PETERSON, GLORIA SMITH and BOB SMITH,

        Petitioners and Appellants,

    v.

GREAT FALLS HOLDINGS, LLC,

        Respondent and Appellee.

APPEAL FROM:    District Court of the Eighth Judicial District,
                In and For the County of Cascade, Cause No. ADV-05-1456
                Honorable Thomas M. McKittrick, Presiding Judge

COUNSEL OF RECORD:

        For Appellants:

                Jason L. Harkins, Attorney at Law, Billings, Montana

        For Appellee Great Falls Holding:

                Kati G. Kintli, Browning, Kaleczyc, Berry & Hoven, Missoula, Montana

        For Appellee State of Montana:

                Hon. Mike McGrath, Montana Attorney General, Helena, Montana
                Keith A. Jones, Special Assistant Attorney General, Helena, Montana

Submitted on Briefs:  July 30, 2008

Decided:  November 18, 2008


Filed:

_____
Clerk












Justice Brian Morris delivered the Opinion of the Court.


2

¶1 Appellants (Protesters) appeal from an order of the Eighth Judicial District Court, Cascade County, that reversed the Montana Department of Revenue's (Department) decision to grant summary judgment to Great Falls Holdings (GFH), and that remanded the case for a full hearing on the issues presented in Protesters' letters. We affirm.

¶2 Protesters present the following issues for review:

¶3 Whether the District Court properly denied Protesters' motion for default based upon GFH's failure to file an answer.

¶4 Whether Admin. R. M. 42.12.109 exceeds the legislative mandate of § 16-4-207, MCA, and thereby improperly restricted Protesters' rights.

¶5 Whether the District Court properly allowed the Department to participate as a party in the judicial review.

¶6 Whether Protesters are entitled to attorney fees.

¶7 Whether to stay GFH's business operation pending this appeal.

## PROCEDURAL AND FACTUAL BACKGROUND

¶8 GFH filed its application for the transfer of ownership of a Montana On-premises Beer/Wine License with the Department on March 25, 2005. The application for transfer involved an existing license placed in "non-use" status during foreclosure proceedings of a previously operated establishment at the same location. The Department published a notice of GFH's application in the Great Falls Tribune on April 15, 2005, and April 22, 2005.

¶9 The Protesters filed letters with the Department objecting to GFH's application. The Department appointed a Hearing Examiner to conduct contested case proceedings to consider the protests. The Department originally scheduled a hearing for July 6, 2005, but the

3

Hearing Examiner granted the Protesters' motion to postpone the hearing until September 8, 2005. The Protesters again moved the Hearing Examiner to postpone the scheduled hearing until the resolution of a then pending appeal in *In re All-Alcoholic Lic. 02-401-1287-001* (*Jackrabbit Red's*).

¶10    *Jackrabbit Red's* had filed an application for a transfer of ownership and a transfer of location shortly before GFH filed its application for transfer of ownership. *Jackrabbit Red's* sought to transfer its license to a location directly across the street from GFH's business operation. The Department held a two-day hearing on May 23-24, 2005, to consider protests to *Jackrabbit Red's* application.

¶11    GFH filed a motion for summary judgment on August 26, 2005, before the scheduled hearing. The Hearing Examiner took judicial notice of the findings of fact from the *Jackrabbit Red's* proceeding and granted GFH's motion for summary judgment on November 21, 2005.

¶12    Protesters timely filed a petition for judicial review with the District Court. Protesters objected to the Hearing Examiner's decision to take judicial notice of findings of fact developed from the *Jackrabbit Red's* proceeding. Protesters further claimed that the Hearing Examiner unlawfully had restricted their arguments to the grounds for protest stated in their protest letters. Protesters also opposed the Department's attempts to appear as a party to the judicial review.

¶13    Protesters mailed GFH an original notice and acknowledgment of the petition and summons. GFH responded by signing and returning the notice and acknowledgement of the

4

petition and summons to Protesters as authorized by M. R. Civ. P. 5(f). GFH did not file an answer to Protesters' summons.

¶14 Protesters filed a motion for default based upon GFH's failure to file an answer. Protesters requested that the District Court enter a default judgment against GFH. Protesters further sought a full reversal of the hearing examiner's decision, a permanent stay of the gaming operation, and attorney fees.

¶15 The District Court held a hearing on Protesters' motion for default and issued an order on October 20, 2006. The District Court determined that service by mail satisfies the service requirement of § 2-4-702, MCA. The court noted that Protesters went beyond the requirement, however, and actually served a summons. GFH acknowledged the summons. The court deemed GFH's acknowledgement of the summons as sufficient to comply with M. R. Civ. P. 5. The court concluded that a procedural technicality did not warrant overturning an administrative ruling.

¶16 The District Court proceeded to issue its order on the merits of Protesters' petition for judicial review on October 11, 2007. The District Court first ruled that the Department could participate as a party and appear in the proceedings. The District Court agreed with Protesters that the Hearing Examiner improperly had relied upon findings developed in the *Jackrabbit Red's* proceedings. The court reversed the Department's order granting summary judgment and remanded the case for a full hearing on the issues presented in the Protesters' letters. The court authorized the Department to limit Protesters' testimony at the hearing on remand to the grounds raised in the protest letters. The court did require, however, that the Department provide Protesters the opportunity to present evidence and testimony to establish

5

cause for the grounds raised.  Protesters appeal.

## STANDARD OF REVIEW

¶17     We review an agency's conclusions of law to determine if they are correct.  *Owens v. Montana Dept. of Revenue*, 2007 MT 298, ¶ 12, 340 Mont. 48, ¶ 12, 172 P.3d 1227, ¶ 12. The same standard of review applies to "both the District Court's review of the administrative decision and our subsequent review of the District Court's decision." *Owens*, ¶ 12.

## DISCUSSION

¶18     *Whether the District Court properly denied the Protesters' motion for default based upon GFH's failure to file an answer.*

¶19     Protesters argue that GFH's failure to answer Protesters' summons according to M. R. Civ. P. 4 warranted entry of a judgment for default.  GFH acknowledged in writing its receipt of service of Protesters' petition for judicial review, as authorized by M. R. Civ. P. 5(f).  We encourage a liberal interpretation of procedural rules governing judicial review of an administrative board.  *Young, etc. v. City of Great Falls*, 194 Mont. 513, 516, 632 P.2d 1111, 1113 (1981).  Justice is best served by avoiding an over-technical approach and allowing the parties to have their day in court.  *Young*, 194 Mont. at 516, 632 P.2d at 1113.

¶20     Nothing in the Montana Administrative Procedure Act (MAPA) contemplates the prevailing party in the administrative proceeding filing an answer in response to a petition for judicial review.  We clarified in *Hilands Golf Club v. Ashmore*, 277 Mont. 324, 330, 922 P.2d 469, 473 (1996), that a petition for judicial review resembles an appeal.  A petition for judicial review is not similar to a complaint, filed for the first time, in district court.  *Hilands*,

6

277 Mont. at 330, 922 P.2d at 473. The parties must have "exhausted all administrative remedies available within the agency" before seeking judicial review. Section 2-4-702(1)(a), MCA. As a result, the parties already have been defined through their appearance at, and participation in, the administrative proceedings. *Hilands*, 277 Mont. at 331, 922 P.2d at 474.

¶21 Service pursuant to M. R. Civ. P. 5 satisfies the requirements for purposes of filing an administrative appeal to the district court. *Hilands*, 277 Mont. at 331, 922 P.2d at 473. GFH satisfied M. P. Civ. P. 5 when it acknowledged receipt of Protesters' petition for judicial review. The District Court properly denied Protesters' motion for default. *Young*, 194 Mont. at 516, 632 P.2d at 1113.

¶22 *Whether Admin. R. M. 42.12.109 exceeds the legislative mandate of § 16-4-207, MCA, and thereby improperly restricted Protesters' rights.*

¶23 Section 16-4-207, MCA, requires the Department to issue a public notice after it determines that an application for a license under the Montana Alcoholic Beverage Code (Code) is complete. The notice directs potential protesters to mail a signed, legible protest letter with their name, mailing address, and street address to the Department. Section 16-4-207(1), MCA. The Department must hold a hearing if it receives "sufficient" written protests. Section 16-4-207(3), MCA.

¶24 The Department's notice informed potential protesters of limits on the grounds for protest and the scope of arguments and oral testimony to be considered at any future hearing on the matter. Protesters contend that the Department acted beyond its statutory authority when its public notice limited Protesters' arguments and oral testimony at the administrative hearing to the factual grounds set forth in their initial protest letters. The Department

7

counters that the notice's limits on arguments and oral testimony presented at a future hearing to those issues raised in the initial protest letter comports with Admin. R. M. 42.12.109.

¶25 Section 16-1-303, MCA, allows the Department to make rules consistent with the Code that it deems necessary to administer efficiently its statutory duties. In fact, the Department has the power "to do all things necessary to administer" the Code. Section 16-1-302(10), MCA. Administrative Rule 42.12.109, in turn, requires that a protest letter, as described in § 16-4-207, MCA, contain a statement of the writer's intent that the letter be considered a protest. The letter must set forth the reasons for protesting the license transfer. Admin. R. M. 42.12.109.

¶26 Protesters argue that the regulation's requirement that the protest letter state the reasons for protesting the transfer of a license restricts the rights of Protesters guaranteed pursuant to § 16-4-207, MCA. A regulation that limits the scope of arguments and oral testimony at a hearing to protest a license transfer to the issues presented in initial protest letters serves an administrative function reasonably tailored to the Department's broad discretion to administer the Code efficiently. *See Germann v. Stephens*, 2006 MT 130, ¶ 29, 332 Mont. 303, ¶ 29, 137 P.3d 545, ¶ 29. The Department needs to know what issues concern opponents of the license transfer. Conversely, the applicant for the license transfer must be apprised of the objections to the transfer in advance of the hearing in order to have an opportunity to respond in a meaningful fashion. We discern no conflict between Admin. R. M. 42.12.109 and § 16-4-207, MCA. The rule clarifies whether a "sufficient" need exists

for a hearing on a particular transfer application. Administrative Rule 42.12.109 does not improperly restrict Protesters' rights.

¶27 *Whether the District Court properly allowed the Department to participate as a party in the judicial review.*

¶28 Protesters argue that the District Court should not have allowed the Department to participate in judicial review as it is not a necessary party to this action. Protesters rely on *Young* to support their position that § 2-4-702, MCA, controls the Department's role. Protesters claim that § 2-4-702, MCA, contains no provisions for naming the Department as a party for purposes of judicial review.

¶29 In *Young*, a local chapter of a labor union brought an unfair labor practice charge against the City of Great Falls. *Young*, 194 Mont. at 514, 632 P.2d at 1112. The Board of Personnel Appeals issued a final order in favor of the labor union and the City of Great Falls petitioned for judicial review. *Young*, 194 Mont. at 514, 632 P.2d at 1112. The labor union moved to dismiss the petition due to the fact that the City of Great Falls had failed to name the Board of Personnel Appeals as a party within the 30-day limitation provided in § 2-4-702, MCA. *Young*, 194 Mont. at 514, 632 P.2d at 1112. The district court agreed and dismissed the petition. This Court reversed. The Court reasoned that M. R. Civ. P. 19, regarding indispensable parties, constituted the sole basis for dismissing the City of Great Falls's petition for judicial review. *Young*, 194 Mont. at 515, 632 P.2d at 1112. The Court determined that Rule 19, by its terms, does not "contemplate inclusion of an administrative board as an indispensable party for purposes of judicial review." *Young*, 194 Mont. at 515, 632 P.2d at 1113.

9

¶30     Protesters also rely upon background information from *Hilands* that the district court had denied the Human Rights Commission's motion to intervene on judicial review on the grounds that the Human Rights Commission "was not properly a party." *Hilands*, 277 Mont. at 327, 922 P.2d at 471. *Young* and *Hilands* both involved situations, however, where a party sought redress through the administrative process against another party for alleged improper conduct. The labor union in *Young* alleged that the City of Great Falls had engaged in unfair labor practices. The labor union sought redress through a statutorily established administrative process and the Board of Personnel Appeals reviewed the claims. *Young*, 194 Mont. at 515, 632 P.2d at 1112. Similarly in *Hilands*, the claimant alleged that a private country club had engaged in discriminatory practices with respect to women members. The claimant sought redress through a statutorily established administrative process and the Human Rights Commission reviewed the claims. *Hilands*, 277 Mont. at 326, 922 P.2d at 470. The district court in both cases then reviewed the administrative agency's assessment of the parties' conduct.

¶31     Here, by contrast, the District Court reviewed the Department's conduct in making the decision on GFH's license transfer application. Protesters took issue with the Department's conduct in granting GFH's motion for summary judgment. The Department must be granted the opportunity on judicial review to defend its conduct. No doubt exists that GFH would have named the Department in a petition for judicial review in the event that the Department had reached a different outcome. Numerous cases of this Court have addressed similar challenges where a party has sought judicial review of the Department's decision on a license. For example, in *Owens* and *Seaman v. State, Dept. of Revenue*, 2002 MT 34, 308

Mont. 307, 42 P.3d 790, the Department had ruled against the licensee and the licensee petitioned for judicial review. *Owens*, ¶ 10; *Seaman*, ¶ 11. In each case, the Department defended its decision on judicial review in the district court and on appeal before this Court.

¶32 Our more recent decision in *In re Montana License,* 2008 MT 165, 343 Mont. 331, 184 P.3d 324, presented a fact pattern similar to the one that we face here. A restaurant owner sought to transfer his resort all-beverages liquor license to a new business at a different location. The Department denied the owner's request and the owner petitioned for judicial review. *Montana License*, ¶ 20. The Department once again defended its decision on judicial review before the district court and on appeal before this Court.

¶33 Protesters' theory raises the question of whom GFH would have named in a petition for judicial review had the Department ruled against GFH? The Protesters' theory would require GFH to name the Protesters as a party in the event that the Department had ruled against GFH. Protesters, or any other person or group who seeks to challenge a decision of the Department, would run the risk of being haled into court on a petition for judicial review whenever they chose to get involved in the administrative process.

¶34 Moreover, a person who is not a party to an action cannot be a party to the judgment of that action. *Baltrusch v. Baltrusch*, 2003 MT 357, ¶ 62, 319 Mont. 23, ¶ 62, 83 P.3d 256, ¶ 62 (citations omitted). Protesters petitioned the District Court to review the Department's decision that had granted summary judgment to GFH on its license transfer application. It is a fundamental principle of our jurisprudence that "'. . . it is only against a party to the action that a judgment can be taken and that the judgment is not binding against a stranger to the action.'" *Baltrusch*, ¶ 62 (quoting *Warnack v. Coneen Family Trust*, 266 Mont. 203, 207,

11

879 P.2d 715, 718 (1994)). The District Court could not properly order the Department to take specific action regarding GFH's license transfer application unless the Department had been a party to that action. The District Court properly allowed the Department to participate on judicial review.

¶35 *Whether Protesters are entitled to attorney fees.*

¶36 The District Court denied Protesters' motion for default and remanded the case for a full hearing. A party is entitled to costs and reasonable attorney fees in a civil action against the State if the party prevails and the district court finds that the State's claim was frivolous or pursued in bad faith. *Ostergren v. Department of Revenue*, 2004 MT 30, ¶ 23, 319 Mont. 405, ¶ 23, 411, 85 P.3d 738, ¶ 23. A party pursues a claim frivolously or in bad faith when the claim falls outside the bounds of legitimate argument on a substantial issue on which there is a bona fide difference of opinion. *Ostergren*, ¶ 23 (citations omitted).

¶37 Protesters requested attorney fees and costs in their motion and brief for default on August 4, 2006, and in their initial brief in support of their petition for judicial review on September 19, 2006. The District Court failed to address Protesters' request for attorney fees and costs in either order. In this case, however, Protesters' claim returns to the Department for a hearing on the merits. Protesters may petition the District Court for any attorney fees if the Department returns a decision in Protesters' favor. The District Court can consider any such claim in the event that Protesters prevail before the Department. It would be premature to have the District Court consider an award of attorney fees before the Department has made a final decision on Protesters' claim.

¶38 *Whether to stay GFH's business operation pending this appeal.*

12

¶39 Protesters argue that the GFH's business operation should be stayed pending a hearing on GFH's application. Section 16-4-404(6), MCA, grants the Department discretion to permit a qualified purchaser to operate the business to be transferred, pending final approval, if two criteria have been satisfied. First, the application must not involve a change in location. Section 16-4-404(6), MCA. Second, the applicant must file an application for transfer with the Department. Section 16-4-404(6), MCA. GFH has satisfied both criteria. GFH filed an application with the Department for transfer of ownership at the same business location. The Department has approved GFH's operation pending final approval of its application. We will not disturb the Department's decision to allow GFH to operate while it reviews the Protesters' challenge to the transfer. Section 16-4-404(6), MCA.

¶40 Affirmed.

/S/ BRIAN MORRIS

We Concur:

/S/ KARLA M. GRAY
/S/ W. WILLIAM LEAPHART
/S/ JOHN WARNER
/S/ JIM RICE