DA 09-0520

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2010 MT 70

SHANNON KOEPLIN (f/k/a Shannon M. Crandall),

Petitioner and Appellant,

v.

DOUGLAS W. CRANDALL,

Respondent and Appellee.

| | |
|---|---|
| APPEAL FROM: | District Court of the Eighteenth Judicial District, In and For the County of Gallatin, Cause No. DR 09-128B Honorable Holly Brown, Presiding Judge |

COUNSEL OF RECORD:

For Appellant:

Stan Peeler; Peeler Law Office; Bozeman, Montana

For Appellee:

Kent M. Kasting; Kasting, Kauffman & Mersen, P.C.; Bozeman, Montana

Submitted on Briefs: February 24, 2010

Decided: April 7, 2010

Filed:

_____
Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1    Petitioner Shannon Koeplin appeals the ruling of the District Court for the Eighteenth Judicial District, Gallatin County, dismissing her petition to change the jurisdiction of the parties' child custody proceeding from Idaho to Montana and to modify their existing parenting plan.

¶2    The sole issue on appeal is whether the District Court erred in dismissing Koeplin's petition for lack of subject matter jurisdiction.  We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

¶3    The operative facts in this case are not in dispute and can be briefly summarized. Koeplin and Douglas Cradall married in Idaho in 1994 and had one child together, K.C. A court in Boise, Idaho, dissolved their marriage in 1998 and issued a visitation schedule for K.C., designating Koeplin as the primary caregiver and allowing Crandall visitation. In 2007 the Idaho court allowed Koeplin to move from Idaho to Bozeman, Montana, and modified the parenting plan accordingly.  Since 2007 Koeplin and K.C. have resided in Bozeman.  Crandall remains in Idaho.

¶4    In March 2009 Koeplin petitioned the District Court to change jurisdiction over the custody determination of K.C. from Idaho to Montana and then to modify the parties' existing parenting plan.  In her petition, Koeplin recognized that the Idaho court had made the initial child custody determination regarding K.C.  She also seemed to concede that, consequently, the Idaho court retained continuing jurisdiction over custody

2

determinations regarding K.C.  Nevertheless, Koeplin asserted that under § 40-7-107(2), MCA, the District Court should communicate with the Idaho court to determine whether the District Court in Gallatin County is the more convenient forum.

¶5     Crandall subsequently filed a motion to dismiss Koeplin's petition for lack of subject matter jurisdiction.  Crandall argued that Idaho, having made the initial child custody determination regarding K.C., retained exclusive, continuing jurisdiction.  Citing § 40-7-203, MCA, Crandall asserted that the District Court in Gallatin County did not have jurisdiction to modify the existing child custody determination from Idaho because the Idaho court had not relinquished jurisdiction and because Crandall continues to live in Idaho (determinative facts under the statute).

¶6     The District Court agreed with Crandall and dismissed Koeplin's petition for lack of subject matter jurisdiction pursuant to Rule 12(h)(3), M. R. Civ. P.  Koeplin timely appealed.

**STANDARD OF REVIEW**

¶7     We review a district court's determination that it lacks subject matter jurisdiction de novo.  *In re Fair Hrg. of Hanna*, 2010 MT 38, ¶ 13, 355 Mont. 236, ___ P.3d ___.

**DISCUSSION**

¶8     ***Whether the District Court erred in dismissing Koeplin's petition for lack of subject matter jurisdiction.***

¶9     Montana adopted the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) in 1999.  *Vannatta v. Boulds*, 2003 MT 343, ¶ 10, 318 Mont. 472, 81 P.3d

480. Section 40-7-203, MCA, which is part of the UCCJEA, governs when a Montana court acquires jurisdiction to modify a parenting plan issued by a court of another state. Aside from cases involving temporary emergency jurisdiction, a Montana court may not modify a foreign court's child custody determination unless it has jurisdiction to make an initial child custody determination and one of two other determinations is made. Section 40-7-203, MCA. In particular, either (1) the court in the *other state* must determine that it no longer has exclusive, continuing jurisdiction or that the Montana court would be a more convenient forum, or (2) either the court of the other state or the Montana court must determine that all parties and the child no longer reside in the other state. *Id.* at § 40-7-203(1), (2).

¶10 Here, there was no emergency situation. Since K.C. had lived in Montana with Koeplin for at least six consecutive months before Koeplin filed the petition to modify the existing parenting plan, Montana had jurisdiction to make an initial child custody determination. *See* § 40-7-103(7), MCA (defining "home state" as "the state in which a child lived with a parent or a person acting as parent for at least 6 consecutive months immediately before commencement of a child custody proceeding"); § 40-7-201(1)(a), MCA (providing that a Montana district court has jurisdiction to make an initial child custody determination if Montana is the home state). However, neither of the two alternative determinations was made. Nothing in the record indicates that the Idaho court, which made the initial child custody determination regarding K.C., has determined that it no longer has exclusive, continuing jurisdiction or that Montana would be a more

4

convenient forum. Nor has either the Idaho court or the District Court determined that all the parties and K.C. no longer reside in Idaho. In fact, neither court could make this determination because Crandall continues to reside in Idaho. Consequently, the District Court lacked jurisdiction to modify the existing parenting plan for K.C. and correctly dismissed Koeplin's petition.

¶11 Koeplin argues that once the District Court determined that it had jurisdiction to make an initial child custody determination, it was required by § 40-7-107(2), MCA, to communicate with the Idaho court to determine which court was the more appropriate forum. We disagree with this argument.

¶12 Section 40-7-107, MCA, which governs simultaneous child custody proceedings, reads in relevant part:

> (1)    Except as otherwise provided in 40-7-204, a court of this state may not exercise its jurisdiction under . . . 40-7-107 . . . and 40-7-201 through 40-7-203 if at the time of the commencement of the proceeding a proceeding concerning the custody of the child had been previously commenced in a court of another state having jurisdiction substantially in conformity with this chapter unless the proceeding has been terminated or is stayed in the court of the other state because a court of this state is a more convenient forum under 40-7-108.
>
> (2)    Except as otherwise provided in 40-7-204, a court of this state, before hearing a child custody proceeding, shall examine the court documents and other information supplied by the parties pursuant to 40-7-110. If the court determines that a child custody proceeding was previously commenced in a court in another state having jurisdiction substantially in accordance with this chapter, the court of this state shall stay its proceeding and communicate with the court of the other state. If the court of the state having jurisdiction substantially in accordance with this chapter does not determine that the court of this state is a more appropriate forum, the court of this state shall dismiss the proceeding.

5

As the District Court noted, § 40-7-107(1), MCA, places a jurisdictional limitation on the application of § 40-7-107(2), MCA. Where, as here, a court in another state has jurisdiction over a child custody proceeding "substantially in conformity with [the UCCJEA]," a Montana court may not assume concurrent jurisdiction in a simultaneous proceeding unless the proceeding in the other state "has been terminated or stayed." *Id.* at § 40-7-107(1). Here, neither party suggests that the Idaho court does not have jurisdiction in conformity with the UCCJEA, or that the proceeding in Idaho has been terminated or stayed. *See McGriff v. McGriff*, 99 P.3d 111, 115 (Idaho 2004) ("In Idaho, the courts retain jurisdiction, that is the authority to preside over child custody matters, over minor children in divorce and custody proceedings until they reach the age of majority, and consequently there can be no loss of subject matter jurisdiction until the children are no longer subject to the court's authority."). Consequently, under § 40-7-107(1), MCA, the District Court lacked jurisdiction to apply the simultaneous proceedings provisions of § 40-7-107(2), including the requirement to communicate with the Idaho court.

¶13 We also reject Koeplin's contention that the foregoing interpretation of §§ 40-7-107, -203, MCA, negates the communication requirement of § 40-7-107(2), MCA. Montana adopted the UCCJEA to replace the Uniform Child Custody Jurisdiction Act (UCCJA). *In re Marriage of Stoneman*, 2003 MT 25, ¶ 14, 314 Mont. 139, 63 P.3d 997. One of the shortcomings of the UCCJA was its failure to prevent jurisdictional disputes between states in child custody disputes. *Id*. at ¶ 12. Hence, one of the primary goals of

6

the UCCJEA was "to avoid simultaneous proceedings in different states or the wrongful modification of a court order of a previous state by a court of a new state." Joan Zorza, *The UCCJEA: What Is It and How Does It Affect Battered Women in Child-Custody Disputes*, 27 Fordham Urb. L.J. 909, 921 (2000). Consequently, the simultaneous proceedings provisions of § 40-7-107, MCA, only apply in the rare circumstance "when there is no home State, no State with exclusive, continuing jurisdiction and more than one significant connection State." Commissioner's Note, § 40-7-107, MCA. Thus, § 40-7-107, MCA, has a proper, though narrow, application. But, as noted above, this provision does not apply here because the Idaho court that issued the existing parenting plan retains exclusive, continuing jurisdiction.

¶14 On appeal, Crandall seeks attorney's fees under Rule 19(5), M. R. App. P, § 37-61-421, MCA, § 40-7-312, MCA, and § 40-4-219(5), MCA. We conclude that Koeplin's appeal was based on reasonable grounds and was not frivolous or vexatious. An award of attorney's fees would be clearly inappropriate. Accordingly, we deny Crandall's request for attorney's fees.

¶15 Affirmed.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ MIKE McGRATH
/S/ PATRICIA O. COTTER
/S/ MICHAEL E WHEAT
/S/ BRIAN MORRIS