FILED

December 8 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0112

DA 15-0112

IN THE SUPREME COURT OF THE STATE OF MONTANA

2015 MT 340

DAVID KULKO,

       Plaintiff and Appellant,

    v.

DAVAIL, INC.; ILSA KAY; MICHAEL HORN;
and John and Jane Doe Defendants 1-10,

       Defendants and Appellees.

| | |
|---|---|
| APPEAL FROM: | District Court of the First Judicial District,<br>In and For the County of Lewis and Clark, Cause No. ADV 2013-0882<br>Honorable Mike Menahan, Presiding Judge |

COUNSEL OF RECORD:

      For Appellant:

          Robert K. Baldwin, Jeffrey J. Tierney, Goetz, Baldwin & Geddes P.C.;
          Bozeman, Montana

      For Appellees:

          Richard J. Samson, Christian, Samson & Jones PLLC, Missoula, Montana
          (for Davail, Inc.)

          Ilsa Kaye, self-represented; Michael Horn, self-represented, New York,
          New York

                         Submitted on Briefs:  October 21, 2015
                                 Decided:  December 8, 2015

Filed:

_____
              Clerk

Justice Patricia Cotter delivered the Opinion of the Court.

¶1 David Kulko (Kulko), his sister Ilsa Kaye (Kaye), and their half-brother Michael Horn (Horn) are the sole shareholders, directors, and officers of Davail, Inc. (Davail). Following a period of estrangement from his family, Kulko sued Kaye, Horn, and Davail for dissolution of Davail, shareholder oppression, fraudulent conduct, and breach of fiduciary duties. The parties eventually agreed to dissolution of Davail, and the District Court entered an order granting dissolution and appointing a receiver. The District Court then concluded that dissolution is an exclusive remedy, and granted the defendants' motion to dismiss Kulko's complaint for lack of a continuing case or controversy. We reverse and remand to the District Court for reinstatement of the case.

## ISSUES

¶2 We restate the issues on appeal as follows:

¶3 *Did the District Court err in concluding that § 35-1-939, MCA, authorizes corporate dissolution or other equitable remedies, but not both?*

¶4 *Did the District Court err in dismissing Kulko's claims for lack of subject matter jurisdiction on the grounds that the dissolution of Davail eliminated the case or controversy?*

## FACTUAL AND PROCEDURAL BACKGROUND

¶5 Alex and Sharon Horn incorporated Davail, Inc. in Montana in 1982 for estate planning purposes to benefit their children. Their children, David Kulko, Ilsa Kaye, and Michael Horn, are the sole shareholders, officers, and directors of Davail. Kulko owns 46% of Davail's shares and is also a director and vice-president of the corporation. Kaye owns 46% of the shares and is a director and president of the corporation. Horn owns the

2

remaining 8% of the shares. Davail's principal asset is a recreational property near Condon, Montana called the Falls Creek Ranch. The family used the property as a vacation property during the summer months, and according to Kaye, Sharon Horn and Kulko also used the property to host retreats for a group with which they were involved. Kulko's distancing himself from this group is the impetus of this case.

¶6 Alex and Sharon Horn founded the Odyssey Study Group, a secretive spiritual organization characterized by some as a cult. Kulko was affiliated with the group until approximately 2000, when he left the organization and became estranged from his family. Kulko maintains that during the period of his estrangement, he was excluded from Davail's director and shareholder meetings, denied access to corporate records, and denied all monetary and non-monetary benefits of his ownership interest.

¶7 In November 2013, Kulko sued Davail and his siblings for dissolution of the corporation and damages for what he characterized as Kaye's and Horn's fraudulent behavior and breach of fiduciary duties. According to Kulko, his siblings misappropriated corporate assets and used them to support the operations of the Odyssey Study Group. Kaye contends that she has never been involved with the group, and that any claim Kulko has for financial mismanagement of Davail should be made against their mother. Kaye also asserts that Davail was never intended to operate as a business for profit, and it has not paid a dividend to its shareholders or compensated its officers or directors in its more than thirty years of existence as a corporation. Kaye and Horn initially objected to Kulko's petition for dissolution of Davail, but the parties eventually

3

agreed to the dissolution. The District Court dissolved Davail and appointed a receiver. The process of liquidating and distributing assets is ongoing.

¶8 On July 23, 2014, Kulko filed a motion seeking leave to amend his complaint in order to assert a punitive damage claim and to clarify his request for compensatory damages in addition to dissolution of the corporation. Kaye and Horn responded that because they agreed to dissolve the corporation and distribute its assets, Kulko has received the remedy he sought, and there is no longer a case or controversy. The District Court concluded that § 35-1-939, MCA, authorizes either dissolution of a corporation or other equitable remedies, but not both, and agreed that dissolution eliminated the case or controversy. As a result, the District Court dismissed Kulko's complaint for lack of subject matter jurisdiction, denied Kulko's motion for leave to file an amended complaint, and declined to rule on Kulko's pending discovery motions. Kulko appeals both the District Court's interpretation of § 35-1-939, MCA, and its failure to rule on the merits of his pending motions on the basis of a lack of subject matter jurisdiction. We reverse.

## STANDARD OF REVIEW

¶9 The District Court's interpretation of a statute is a question of law that we review *de novo* for correctness. *Mont. Dep't of Revenue v. Priceline.com, Inc.*, 2015 MT 241, ¶ 6, 380 Mont. 352, 354 P.3d 631 (citing *City of Missoula v. Iosefo*, 2014 MT 209, ¶ 8, 376 Mont. 161, 330 P.3d 1180). "The District Court's determination that it did not have jurisdiction over this case is [also] a conclusion of law," *Kingston v. Ameritrade, Inc.*, 2000 MT 269, ¶ 9, 302 Mont. 90, 12 P.3d 929 (citing *Hilands Golf Club v. Ashmore*,

4

277 Mont. 324, 328, 922 P.2d 469, 472 (1996)), and it too is reviewed *de novo* for correctness, *BNSF Ry. Co. v. Cringle*, 2010 MT 290, ¶ 11, 359 Mont. 20, 247 P.3d 706 (citing *Koeplin v. Crandall*, 2010 MT 70, ¶ 7, 355 Mont. 510, 230 P.3d 797).

## DISCUSSION

¶10 *Did the District Court err in concluding that § 35-1-939, MCA, authorizes corporate dissolution or other equitable remedies, but not both?*

¶11 The District Court dissolved Davail under § 35-1-938, MCA, on December 19, 2014. Because the parties agreed to dissolution, the District Court made no findings that would ordinarily support a dissolution, such as findings of illegal, oppressive, or fraudulent conduct, or corporate waste. *See* § 35-1-938(2), MCA. In its January 22, 2015 order granting the defendants' motion to dismiss Kulko's complaint, the District Court noted that "[p]ursuant to Section 35-1-939, MCA, a shareholder or director seeking to dissolve a corporation is entitled to judicial dissolution or other equitable remedies, but not both," and that "[u]pon the dissolution of Davail, Inc., . . . Kulko will obtain the relief he seeks in his complaint." However, the District Court erroneously read into § 35-1-939, MCA, a limitation that does not exist.

¶12 Section 35-1-938, MCA, is entitled "Grounds for judicial dissolution." Section 35-1-939, MCA, is entitled "Discretion of court to grant relief other than dissolution." While § 35-1-938, MCA, authorizes corporate dissolution, § 35-1-939, MCA, authorizes "less drastic" alternatives. Specifically,

> the court may make any order to grant the relief other than dissolution as, in its discretion, it considers appropriate, including, without limitation, an order:

5

(a)  canceling or altering any provision contained in the articles of incorporation, in any amendment of the articles of incorporation, or in the bylaws of the corporation;

(b)  canceling, altering, or enjoining any resolution or other act of the corporation;

(c)  directing or prohibiting any act of the corporation or of shareholders, directors, officers, or other persons party to the action; or

(d)  providing for the purchase at fair value of shares of any shareholder, either by the corporation or by other shareholders.

Section 35-1-939(1), MCA.  This alternative relief statute is a codification of our holding in *Maddox v. Norman*, 206 Mont. 1, 669 P.2d 230 (1983).  According to the Official Comments to § 35-1-939, MCA, "[t]his provision properly recognized that the liquidation remedy is a draconian remedy.  It allows a minority shareholder to hold a sword over the head of the majority.  In [*Maddox*], the Montana Supreme Court recognized this problem and fashioned a less drastic remedy."  Tit. 35, ch. 1, Mont. Code Ann., *Annotations*, Official Comments at 633 (2012).  Thus, § 35-1-939, MCA, allows a court to fashion a remedy appropriate in the circumstances, even if a shareholder is seeking only dissolution.

¶13    Section 35-1-939(2), MCA, provides that "[r]elief under subsection (1) may be granted as an alternative to a decree of dissolution or may be granted whenever, under the circumstances of the case, relief but not dissolution would be appropriate."  This subsection seems to be the source of the District Court's conclusion that § 35-1-939, MCA, authorizes dissolution or other equitable remedies, but not both.  However, the other equitable remedy Kulko was seeking in this case was not a remedy authorized by § 35-1-939(1), MCA.  Rather, Kulko was seeking money damages for what he alleges was his siblings' misappropriation of corporate funds and breach of fiduciary duties.  In

6

other words, Kulko was seeking a traditional remedy as an injured shareholder, and not judicial intervention to correct corporate misbehavior or malfunction.[1]

¶14    Our case law interpreting § 35-1-939, MCA, has addressed factual situations in which one or some shareholders seek judicial remedies for alleged oppression and the courts fashion remedies under § 35-1-939, MCA, that are less drastic than forced dissolution. *See Maddox*, 206 Mont. 1, 669 P.2d 230; *Whitehorn v. Whitehorn Farms, Inc.*, 2008 MT 361, 346 Mont. 394, 195 P.3d 836; *Wyo-Ben, Inc. v. Bixby*, 2014 MT 334, 377 Mont. 318, 339 P.3d 1255. The only time we acknowledged the availability of both dissolution and traditional remedies for shareholder misconduct, we did so implicitly.

¶15    In *Sartori v. S & S Trucking, Inc.*, 2006 MT 164, 332 Mont. 503, 139 P.3d 806, Justin Sartori sued his business partner and their corporation, S & S Trucking, for dissolution and breach of fiduciary duty. *Sartori*, ¶ 9. Sartori's business partner argued that rather than dissolving the corporation, the District Court should use its power under § 35-1-939, MCA, to remove Sartori as a shareholder and director of the corporation. *Sartori*, ¶ 15. The District Court ultimately found that Sartori himself had damaged the corporation and ordered dissolution of S & S Trucking. *Sartori*, ¶ 9. Sartori's business partner argued on appeal that the corporation was entitled to damages from Sartori in addition to dissolution. *Sartori*, ¶ 22. We agreed, and we affirmed the District Court's order of dissolution but remanded for a determination of damages to be paid by Sartori to S & S Trucking. *Sartori*, ¶¶ 19, 22. Thus, we implicitly acknowledged that while

---

[1] Actions against directors and officers for breach of fiduciary duties may be brought under § 35-1-418, MCA, and § 35-1-443, MCA, respectively. *See e.g. Warren v. Campbell Farming Corp.*, 2011 MT 324, 363 Mont. 190, 271 P.3d 36.

7

dissolution under § 35-1-938, MCA, or the imposition of other corporate remedies under § 35-1-939, MCA, may be mutually exclusive, a remedy under either statute does not foreclose the possibility of seeking damages against individual shareholders or officers or directors for breach of fiduciary duties.

¶16 Such a finding is consistent with the ABA Official Comments to the Model Business Corporation Act, upon which our Montana Business Corporation Act, § 35-1-112, MCA, et seq., is based. According to the model act, in addition to dissolution, dissatisfied shareholders "may seek traditional remedies for breach of fiduciary duty." Model Bus. Corp. Act § 14.30 cmt. 2 (2013). We therefore conclude that neither dissolution under § 35-1-938, MCA, nor the alternative remedies provided under § 35-1-939, MCA, preclude a shareholder from pursuing traditional remedies for breach of fiduciary duties. The District Court erred in its interpretation of § 35-1-939, MCA, when it concluded that Kulko could not pursue punitive or compensatory damage claims against Davail's other shareholders because he had already sought and obtained dissolution of the corporation.

¶17 *Did the District Court err in dismissing Kulko's claims for lack of subject matter jurisdiction on the grounds that the dissolution of Davail eliminated the case or controversy?*

¶18 Davail moved the District Court to dismiss the case pursuant to Mont. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. Davail argued that there was no longer a case or controversy before the court once Davail and Kaye and Horn agreed to dissolution. Kulko opposed the motion, arguing that because he was seeking money damages in addition to dissolution, a case or controversy was still present. Relying on its

8

interpretation of § 35-1-939, MCA, the District Court found that the dissolution of Davail resolved the case or controversy, and it dismissed the case without reaching the merits of Kulko's pending discovery motions or motion for leave to file an amended complaint. The District Court erred when it dismissed Kulko's claim for lack of subject matter jurisdiction.

¶19 In *Plan Helena, Inc. v. Helena Reg'l Airport Auth. Bd.*, 2010 MT 26, 355 Mont. 142, 226 P.3d 567, we outlined the requirements for subject matter jurisdiction:

> The judicial power of Montana's courts, like the federal courts, is limited to "justiciable controversies." *See Greater Missoula Area Fedn. v. Child Start, Inc.*, 2009 MT 362, ¶ 22, 353 Mont. 201, 219 P.3d 881. Article III of the United States Constitution restricts the judicial power of the federal courts to "cases" and "controversies." *See* U.S. Const. art. III, § 2, cl. 1. Likewise, Article VII, Section 4 of the Montana Constitution, in relevant part, confers original jurisdiction on district courts in "all civil matters and cases at law and in equity." Mont. Const. art. VII, § 4(1). . . .
>
> "A justiciable controversy is one upon which a court's judgment will effectively operate, as distinguished from a dispute invoking a purely political, administrative, philosophical or academic conclusion." *Clark v. Roosevelt County*, 2007 MT 44, ¶ 11, 336 Mont. 118, 154 P.3d 48; *accord Seubert*, ¶ 20; *Gryczan v. State*, 283 Mont. 433, 442, 942 P.2d 112, 117 (1997). The central concepts of justiciability have been elaborated into more specific categories or doctrines—namely, advisory opinions, feigned and collusive cases, standing, ripeness, mootness, political questions, and administrative questions—each of which is governed by its own set of substantive rules. *Greater Missoula*, ¶ 23.

*Plan Helena, Inc.*, ¶¶ 6, 8. The doctrine of mootness is implicated in this case.

> Under [the mootness] doctrine, the requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness). *Greater Missoula*, ¶ 23; *Havre Daily News, LLC v. City of Havre*, 2006 MT 215, ¶ 31, 333 Mont. 331, 142 P.3d 864. If the issue presented at the outset of the action has ceased to exist or is no longer "live," or if the court is unable due to an intervening event or change in circumstances to grant effective relief or to restore the parties to

9

their original position, then the issue before the court is moot. *Greater Missoula*, ¶ 23.

*Plan Helena, Inc.*, ¶¶ 10-11.

¶20 In order for the District Court to have maintained subject matter jurisdiction over this case, Kulko's personal interest that existed at the beginning of the case must have continued to exist throughout the case. One of Kulko's interests—dissolution—was indeed resolved while the case was pending. But Kulko sought compensatory damages and leave to amend his complaint to claim punitive damages for his siblings' alleged breach of fiduciary duties. As stated above, this traditional remedy is not precluded by § 35-1-939, MCA. Thus, Kulko's personal interest in the case and the court's ability to grant effective relief continued even after Davail's dissolution. The District Court did not lose subject matter jurisdiction over the case upon entering the dissolution order, and it erred in dismissing Kulko's claim under Rule 12(b)(1).

¶21 Finally, Davail argues that the District Court did not abuse its discretion in dismissing Kulko's complaint without leave to amend because the only relief Kulko sought in his complaint was dissolution of the corporation. Davail protests that Kulko did not plead a claim for damages with any specificity, but simply included it in a laundry list of alternative relief in the event that he failed to obtain the requested dissolution. Davail argues that when dissolution was granted by stipulation, Kulko received all of the relief he had requested. But this is not the theory on which Davail sought dismissal in the District Court, which dismissed the case for lack of jurisdiction. The District Court will

10

have the opportunity to consider on remand whether to grant Kulko leave to amend his complaint.

## CONCLUSION

¶22 For the foregoing reasons, we reverse the District Court's January 22, 2015 Order granting Davail's motion to dismiss for lack of subject matter jurisdiction. We remand for reinstatement of the case, and direct the District Court to proceed to consider Kulko's motion for leave to amend his complaint, as well as outstanding discovery matters.

/S/ PATRICIA COTTER

We concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ MICHAEL E WHEAT
/S/ LAURIE McKINNON
/S/ JIM RICE